# CITY OF RUTLAND v. TOWN OF PROCTOR.

### JANUARY TERM, 1896.

*Pauper.   Residence within limits of town before
incorporation.*

A residence within the territorial limits of the town of Proctor
previous to its incorporation in 1887 cannot be resorted to
for the purpose of charging that town with the support of a
pauper under No. 45, Acts of 1892.

Assumpsit for the support of certain paupers. Plea, the
general issue. Heard upon the report of a referee at the
September term, 1895, Rutland county, Ross, C. J., pre-
siding. Judgment for the plaintiff. The defendant excepts.

The question was whether the paupers had a sufficient
residence to charge the defendant town.

The town of Proctor, the defendant, was created by No.
137, Acts of 1886, out of territory formerly embraced within
the town of Rutland. The referee found that the pauper
had resided within the territorial limits of Proctor for more
than three years, supporting himself and family, but that a
portion of this residence was before and a portion after it
became a town.

Section 3 of the act incorporating the defendant reads as
follows:

" The towns of Rutland, Pittsford and Proctor shall be
respectively liable for the support of all persons who now
are or hereafter shall become paupers, whose settlement
was gained within their respective limits; and also in like

manner for the support of all paupers now on the town farms of Rutland and Pittsford, who were sent there from their respective limits."

*Frank C. Partridge* and *Butler & Moloney* for the defendant.

Residence before could not be added to that after the defendant became a town to make up the three years. *Worcester* v. *East Montpelier*, 61 Vt. 139; *Vershire* v. *Hyde Park*, 64 Vt. 638.

Section 3 of the act of incorporation does not help the plaintiff, since that refers to a law which has been abolished.

*C. L. Howe*, City Attorney, for the plaintiff.

TAFT, J. The defendant cannot be made liable for the support of the paupers in question under No. 45, Acts of 1892, unless it is shown that the three years' continuous residence of the paupers was subsequent to the organization of the town in March, 1887. Such a three years' residence partly before and partly subsequent to the organization is not sufficient. The question is not affected by s. 3 of the act of incorporation of the defendant. The disposition of this question renders the other questions raised immaterial.

*Judgment reversed and judgment for the defendant.*