THE TOWN OF WESTFIELD *vs.* THE TOWN OF COVENTRY.

January Term, 1899.

Present:  TAFT, C. J., ROWELL, TYLER, START, THOMPSON and WATSON, JJ.

Opinion filed April 13, 1899.

*Pauper—Annexed Territory.*—When territory is transferred by legislation from one town to another, it is a common-law rule that residents go with the land as regards both their liability to contribute and their right to be supported; and this rule applies to cases arising under the present pauper law, which is governed by residence, as well as it did to those under the former law, which was governed by settlement.

*Pauper—Annexed Territory.*—A part of Coventry was annexed to Newport by an act taking effect April 1, 1895. The pauper had resided upon the territory supporting herself for twenty years before that date, and so continued for a year and a half after. She then removed to Westfield where she soon fell in need. *Held, Start,* J., dissenting, that Coventry was not liable. Announced also, *Taft,* C. J., declining to concur, that Newport was liable.

*Rutland* v. *Proctor,* 68 Vt. 153, distinguished.

*R. L. 2811, Sub. 9—Effect of Repeal.*—A former statute had provided that a person having a legal settlement in territory transferred by legislative act from one town to another but being absent therefrom at the time of the annexation should retain such settlement. *Held,* that the repeal of this statute did not change, but only restored the common law rule above stated, which required that the person should be actually resident upon the territory at the time of the annexation.

ASSUMPSIT.   For the support of a pauper.   Plea, general issue.   Trial by court upon an agreed statement at the September term, 1898, Orleans county, *Munson,* J., presiding. Judgment for the plaintiff.   The defendant excepted.

*J. W. Redmond* for the defendant, cited upon the main question, 18 Am. & Eng. Ency. Law, 798; *Groton* v. *Shirley,* 7 Mass. 156; *Bethlehem* v. *Alexandria,* 32 N. J. L. 66; *Bethany* v. *Oxford,* 15 Conn. 550; *Hay River* v. *Sherman,* 60 Wis. 54; *Hopewell* v. *Independence,* 12 Penn. 92; *Mason* v. *Alexandria,* 3 N. H. 303; *Woodstock* v. *Bethel,* 66 Maine

569; *Franklin* v. *Lebanon,* 51. N. J.L. 93; *Ashland County* v. *Richmond County,* 70 Am. Dec. 49; *Ripley* v. *Levant,* 42 Maine 308; *Westport* v. *Dartmouth,* 10 Mass. 341; *Princeton* v. *West Boylston,* 15 Mass. 257; *Center* v. *Wills,* 7 O. part 2, 171; *Williamsburg* v. *Jackson,* 11 O. 37; and on the distinction between this case and *Rutland* v. *Proctor,* 68 Vt. 153; *New Portland* v. *Rumford,* 13 Me. 299; *Starks* v. *New Sharon,* 39 Me. 368; *West Springfield* v. *Granville,* 4 Mass. 486; *Walpole* v. *Hopkinton,* 4 Pick. 357; *Gilford* v. *Gilmanton,* 20 N. H. 456; 18 Am. and Eng. Ency. Law, 798 and cases there cited.

*John Young* and *O. S. Annis,* for the plaintiff, contended that the question was one of statutory construction, purely, and involved no question of common law, and cited Roberts' Digest 518, pl. 192; *Worcester* v. *East Montpelier,* 61 Vt. 139; *Craftsbury* v. *Greensboro,* 66 Vt. 585, 594; *Chittenden* v. *Barnard,* 61 Vt. 145; *Vershire* v. *Hyde Park,* 64 Vt. 638; *Granville* v. *Hancock,* 69 Vt. 205; *Fairfax* v. *Westford,* 67 Vt. 390; *Rutland* v. *Proctor,* 68 Vt. 153; *Landgrove* v. *Peru,* 16 Vt. 422.

TYLER, J.   This case was tried upon an agreed statement of facts by which it appears that Margaret Berry, the pauper, had resided continuously for more than twenty years next preceding April 1, 1895, in that part of defendant town known as Coventry Gore, which was on April 1, 1895, annexed to and made part of the town of Newport pursuant to No. 287 of the Acts of 1894, and that during all that time she had supported herself and family.   She continued to reside there until October, 1896, when she left her house and farm and moved to the plaintiff town, where she has ever since resided.   In the spring of 1897 she was poor and in need of relief, and the town of Westfield, by its overseer of the poor, furnished her assistance and called upon Coventry for reimbursement, which was made, and the town of Coventry thereafter,

until March 8, 1898, supported the pauper in the plaintiff town, when it refused longer to support her, and the plaintiff afterwards until the bringing of this suit, supported her, and now seeks in this action to recover for such support under V. S. 3171, which is: "If a person is poor and in need of assistance for himself or family, the overseer of the poor of any town shall, when application for such assistance is made, relieve such person or his family, and if he has not resided in such town for three years, supporting himself and family, and is not of sufficient ability to provide such assistance, the town so furnishing the same may recover the expense thereof from the town where he last resided for the space of three years, supporting himself and family, in an action for money laid out and expended."

The defense is that the land upon which the pauper resided in Coventry was, by the act referred to, annexed to Newport, and that the annexation of the land carried with it the burden of supporting the pauper, although the act contained no provision beyond the setting off of the Gore from Coventry and annexing it to Newport.

It must be conceded that the same legal question would have arisen between Newport and Coventry if the pauper had remained in the former town and been assisted by it, and that town were seeking reimbursement from Coventry.

At common law and under the settlement act it was uniformly held that upon the annexation of a part of one town to another town, persons residing and having their settlement upon the territory annexed, acquired a settlement in the town to which the annexation was made.   They went with the territory and held the same relation to the latter town in respect to settlement that they had held to the former one.   It is in accordance with the principles of right and justice that the town which derives such advantages as spring from an increased property valuation and an increased population, should assume the duties and burdens incident to the acquisition of the new territory.

*Pierpoint,* J., in discussing the subject of the settlement of paupers, upon the annexation of the territory upon which they resided in one town to another town, though not deciding this point, said that such persons were left to the application of the general principle applicable to such cases; that the rule established in other states having pauper laws similar to ours was, "that such persons stand in the same relation to the town to which the territory in which they lived was annexed, as regards their settlement therein, as they occupied to the town from which such territory was taken, there being no express statutory provision on the subject." *Wilmington* v. *Somerset,* 35 Vt. 232. *Collamer,* J., remarked in *Corinth* v. *Newbury,* 13 Vt. 496, "But the existence and extent of a town as a municipal corporation, with all its civil privileges and duties, depend, not on the charter, but on laws, subject to constant changes, and its geographical limits liable to alteration. To the same limits that its jurisdiction extends to exact of the citizens taxes, duties and allegiance, do also extend the corresponding municipal obligations to sustain schools, roads, and paupers. Such rights and duties are correlative and inseparable." See 18 Am. & Eng. Ency. of Law, 798; *Groton* v. *Shirley,* 7 Mass. 156; *Oxford* v. *Bethany,* 15 Conn. 246; *Bethlehem* v. *Alexandria,* 32 N. J. L. 66.

By the term *settlement* is meant such a residence in a town as entitles a person to support or assistance upon becoming a pauper. When a person acquires a settlement in a town a duty is imposed upon that town to furnish him support if he becomes poor and in need of assistance. By the settlement act, were it in force, this pauper, down to the time the Gore was annexed to Newport, would have had her settlement in Coventry with a right to be supported by that town. Under the section of the statute above quoted, she had a three years' residence in that town with the same right to support or assistance. Upon the annexation of the Gore, upon which she resided, to Newport, her settlement

and right to support would have been transferred to that town.   Does the rule apply under the residence act?

The plaintiff contends that the liability of towns to support their paupers is purely statutory, and that it is entitled to reimbursement from defendant town upon the ground that that was the town of the pauper's last three-years' residence.   That the liability of towns is statutory is established by the cases decided by this court and cited upon plaintiff's brief.   We think, however, that the pauper's residence, with the right to support incident thereto, was transferred to Newport by the annexation of the Gore to that town by legislative authority.   Newport took the territory and the inhabitants thereon with the liability of assisting and maintaining them, if they became poor and in need of relief, as it took the highways with the duty of maintaining and keeping them in repair.   This holding is irrespective of the statute and upon the common law principle that Newport took the territory with the incidental benefits and burdens.

The plaintiff claims that R. L. 2811, subdivision 9, provided that the settlement of paupers should go with the territory transferred, and that upon the repeal of that statute there was no authority of law for the transfer of the settlement of paupers when the entity of the town in which they had been settled remained.   We think this is not the true construction of this statute.   It was the common-law rule that persons having a settlement and residing upon the land transferred went with the land in respect to their settlement.   There must have been both a settlement and an actual residence or home upon the land when the act authorizing the annexation was passed. Persons not then residing upon the land, though having their settlement there, did not go with the land.   18 Am. & Eng. Ency. of Law 793; *Mason* v. *Alexandria*, 3 N. H. 303; *Westborough* v. *Franklin*, 15 Mass. 254; *Brewer* v. *Eddington*, 42 Me. 541.   It was to meet this state of the

law that R. L. 2811, subdivision 9, was enacted, providing that a person having "a legal settlement therein, but being absent at the time of such division or annexation, and not having acquired a legal settlement elsewhere, shall have a legal settlement in that town wherein his last dwelling-place or home is upon such division or annexation." This statute was so construed in *Wilmington* v. *Somerset.*

*Rutland* v. *Proctor*, 68 Vt. 153, is not a case in point for the plaintiff. There the latter town was created from territory formerly belonging to Rutland. The only point decided was, that in computing the three-years' residence the time of the pauper's residence in Rutland before the incorporation of Proctor could not be considered, though the entire residence was upon the same territory.

*Judgment reversed and judgment for the defendant.*

*Start*, J., dissents.

*Taft*, C. J., concurs in the result. Will not say Newport is liable.