EAST MONTPELIER *v.* CITY OF BARRE.

January Term, 1907.

Present: TYLER, MUNSON, WATSON, JJ., and WATERMAN, Superior J.

Opinion filed February 16, 1907.

*Towns—Paupers—Legal Residence—Division of Towns—Boundary Line—Dwelling Divided—Effect on Residence—No. 165, Acts 1894.*

Where legislation abolishes a township and divides it into two new municipalities, the statutory liability of the original town to sup-

port its residents, should they become paupers, goes with the land on which they respectively reside when such legislation takes effect, and passes to that municipality which thereby acquires jurisdiction thereof,—in the absence of a different statutory requirement.

Where legislation annexes the territory of one town to that of another, no inhabitant's residence is thereby changed, unless he is actually or in legal contemplation residing on the annexed territory at the time such legislation takes effect.

Where the division line between a town and a city passed diagonally through a person's residence, leaving six-sevenths thereof in the town, that person was a resident of the town, and not of the city.

Where at the time a pauper moved into the plaintiff town he was a resident of another town which was then liable for his support should he become a pauper, the fact that after his removal the boundary of the latter town was so changed as to include the pauper's house in an adjoining city did not transfer his legal residence to that city.

No. 165, Acts 1894, abolishing the township of Barre and dividing it into the city of Barre and the new town of Barre, and providing for the enforcement against the city of Barre of all claims and causes of action against the old town of Barre, and for their subsequent apportionment and adjustment between said two new municipalities, did not create a liability for the support of a pauper, who, when said Act took effect, was residing in a dwelling thereby included in the new township of Barre, and where he had continuously resided for more than three years supporting himself and family, but whence he thereafter moved to the plaintiff town, where he was living when No. 144, Acts of 1896, which allotted said dwelling to the jurisdiction of the city of Barre, took effect.

Assumpsit for the expenses incurred in the support of a pauper. Heard on the report of a referee at the March Term, 1906, Washington County, *Rowell,* J., presiding. Judgment for the defendant to recover its costs. The plaintiff excepted. The opinion states the case.

*Senter & Senter* for the plaintiff.

*John W. Gordon* for the defendant.

The pauper must actually reside on the annexed territory at the time the Act annexing it takes effect, in order to trans- fer the liability of his support with such territory. *New Port- land* v. *Rumford,* 13 Me. 299; *Great Barrington* v. *Lan- caster,* 14 Mass., 253; *Fitchburg* v. *Westminster,* 1 Pick. 144; *Hollowell* v. *Bowdoinham,* 1 Greenl. 129; *West Springfield* v. *Granville,* 4 Mass. 486.

MUNSON, J., No. 165 Acts of 1894, abolished the town of Barre, and formed from its territory the city of Barre and the new town of Barre, dividing them by a line which passed through North's house in the manner hereafter stated. This act took effect on the first Tuesday of March, 1895. North was living in this house on that day, and had lived there since 1890, supporting himself and his family. So North had ac- quired a legal residence in the old town of Barre, and when that town was divided he became a legal resident of the new town of Barre, or of the city of Barre, according as the loca- tion of his dwelling was determined by the dividing line. *Westfield* v. *Coventry,* 71 Vt. 175, 44 Atl. 66; *Wilmington* v. *Somerset,* 35 Vt. 232; *Mason* v. *Alexandria,* 3 N. H. 303.

The line passed diagonally through the house, leaving about six-sevenths of it in Barre town. The rear entrance was in Barre town, and the front entrance in Barre City. On the ground floor there was a kitchen, which was the gener- al living room, a bedroom, a pantry, and a woodshed. The woodshed and pantry were wholly in Barre town, and all of the bedroom except a small triangular section. The line ran diagonally through the kitchen, leaving a corner of the stove.

in Barre city.    This is all we have regarding the construction
and occupancy of the building.

This location of the house could not give the occupant a
residence in both towns, and is not to be so treated as to leave
him without a residence in either.    As a place of   residence,
the building cannot be divided between the two towns, and
must be held to be in one or the other.    A man's dwelling-
house is the building in which he lives, and in a case like this
the legal status of the building as a dwelling place must be de-
termined by the location of that part of the structure most
closely connected with the primary purposes of a dwelling.
Upon this view, the facts reported place North's house in the
new town of Barre.    So the act of 1894 gave North a legal
residence in that town.

By No. 144, Acts of 1896, which took effect November 24
of that year, and was in form an amendment of the act of
1894, the dividing line was so changed as to include in the
city of Barre all of the North place that was allotted to the
town of Barre by the original division.    But North had moved
to East Montpelier the spring before, and was living there at
this time.    So the act of 1896 did not operate as a transfer of
North's legal residence from the town to the city of Barre. An
annexation of territory will not effect a change of residence
unless the person is then dwelling upon the land, actually or
in legal contemplation.    *Westfield* v. *Coventry,* 71 Vt. 175, 44
Atl. 66.

This matter is not controlled by the section of the act of
1894 which provides for an enforcement against the city of
Barre of all claims and causes of action then existing against
the town of Barre and their subsequent apportionment and
adjustment between the city and the new town.    There was
35

no claim or cause of action until the aid was required and furnished. Until then, there was only a general governmental obligation upon which a cause of action might subsequently arise. A liability of this nature is not within the provision.

*Judgment affirmed.*