[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This administrative appeal raises the issue whether "home is where the heart is" or whether "home is where the hearth is" for purposes of determining residency for assignment to a public school district for a child whose residence is on a town boundary line.
The appellant, John S. Baerst, appeals from the determination of the Connecticut State Board of Education that his child, Virginia Baerst, is eligible for public education in the City of Norwalk, and not in the Town of New Canaan.
The appellant, who moved from a house in New Canaan to a residence that lies partly in New Canaan and partly in Norwalk, sought review by the Connecticut State Board of Education ("state board") of the determination by the New Canaan Board of Education that school accommodations would not be provided in New Canaan for his daughter. Mr. Baerst's initial appeal of that decision to the State Board was rejected; however, the ruling of the State Board was set aside, by reason of defective procedure, by a judge of the Superior Court, who remanded the matter for a new hearing.
The rehearing was conducted before a hearing examiner of the State board on November 18, 1991. The hearing examiner determined that the New Canaan Board of Education was not required to furnish school accommodations to Virginia Baerst. This administrative decision was mailed to Mr. Baerst on January 29, 1992. On March 12, 1992, the appellant commenced this appeal from the decision of the State board naming as defendants the CT Page 1719 State board, the New Canaan Board of Education and the Norwalk Board of Education.
The court finds that the appellant has established aggrievement.
Scope of Review
The parties agree that the scope of the court's review of the determination of the State board is limited to the grounds set forth in 4-183(j) C.G.S., which provides that the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact and shall affirm the decision of the agency unless substantial rights of the applicant have been prejudiced because the findings or decision are 1) in violation of constitutional or statutory provisions, 2) in excess of the agency's statutory authority, 3) made upon unlawful procedures, 4) affected by the error of law, 5) clearly erroneous in view of the reliable, protective and substantial evidence on the whole record, or 6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Procedural History
The hearing examiner for the State board conducted a de novo hearing pursuant to 10-186 C.G.S., which provides for such a hearing when a board of education denies school accommodations to a child, including a denial based on an issue of residency. Section 10-220 C.G.S. requires each board of education to make provisions for and assign to schools "each child of school age, residing in the district."
The hearing officer made the following factual findings, among others:
1. The parents of Virginia Baerst moved in 1985 from a house located wholly in New Canaan to a house on a lot consisting of 2.32 acres, of which approximately two acres are located in Norwalk and .32 acres are located in New Canaan, such that 86% of the land is in Norwalk and 14% is in New Canaan.
2. The house itself is located almost entirely in Norwalk, though a corner of it is in New Canaan, and the front door opens on to steps that are divided by the town line. CT Page 1720
3. The house is fully taxed in Norwalk and is not taxed at all in New Canaan, which receives only 5% of the property taxes paid on the property, all of which attributable to land only. The road frontage of the property is divided between Norwalk (179 feet) and New Canaan (220 feet).
4. The Baersts use a New Canaan mailing address and mail is delivered by the New Canaan post office.
5. The family's social and community activities are overwhelmingly focused on organizations located in New Canaan.
The hearing examiner concluded that Virginia Baerst did not reside in New Canaan for purposes of school accommodation because most of the house in which she lives is not located in New Canaan, and that residence is to be determined, in boundary line situations like this, on the basis of the location of actual habitation on the divided property. The hearing officer noted that the parts of the house that lie in New Canaan are not sufficient for habitation, but are portions of some rooms.
The hearing officer declined to follow an approach by which residence would be determined on the basis of the family's affinities and ties to New Canaan.
In his appeal, Mr. Baerst raised as grounds for review each of the grounds enumerated in 4-183(j) C.G.S. In his brief, however, the appellant narrowed his amended grounds to the following three issues:
1. Whether the hearing officer erroneously construed the meaning of "residence" for purposes of 10-220 C.G.S.;
2. whether the hearing officer erroneously concluded that the New Canaan Board of Education had proven ineligibility by a preponderance of the evidence as required by 10-186(b)(1) C.G.S.;
3. whether the hearing examiner erred in failing to consider "the best interest of the child" in determining whether she was eligible for free public education in New Canaan.
"Residence" for Purposes of 10-220 C.G.S.
The first ground of the appeal amounts to an assertion that CT Page 1721 the hearing officer erroneously interpreted 10-220, which requires a board of education to provide school accommodation for children of school aye "residing in the district." The hearing examiner issued an opinion containing a lengthy discussion of authorities concerning residence; in the absence of any Connecticut authority as to the proper method of determining residence as to a property bisected by a municipal boundary line, the hearing examiner considered cases in which the determination was made on the basis of the location of the greater portion of the dwelling; Gray v. O'Banion, 23 Cal.App. 468, 138 P. 977, 979
(1913) (location of sleeping quarters in a town determined residence in that town); Blaire v. Murphy, 265 F.2d 324 (D.Mass. 1920) (domicile found in state where about all of the dwelling was located); East Montepelier v. Barre, 66 A. 100 (Vt. 1906) (residence in town where most of house located); Turner v. City Board of Education of Mayfield, 231 S.W.2d 27 (Ky. 1950) (location of majority of house determines residence); Teel v. Hamilton-Wenham Regional School District, 433 N.E.2d 907 (Mass.App. 1982).
The hearing examiner noted the existence of some cases in which residents of properties on boundary lines had been held eligible to elect their town of residence; however, she did not adopt this approach, noting that the Restatement of Conflict of Laws 2d (1969) 18, Comment h states, as to issues of domicil where a dwelling is cut by a boundary line that "Usually, the domicil will be in that political division where the major portion of the dwelling place is located, particularly if only an uninhabitable part lies in the other," and that the comment notes "when the boundary line cuts the dwelling place in half, or nearly so, primary weight should be given to the interests and activities of the person and his family and the domicil placed in the political division where most of these interests and activities are centered." The appellant relies heavily on a further recommendation in the same comment that "when the preponderant part of his home is in one political subdivision and the bulk of his interests and activities are in another, effect may be given to an expressed desire on his part that his domicil should be in one political subdivision rather than on the other." [emphasis supplied].
Mr. Baerst objects that the hearing officer erred in determining that there are "majority" and "minority" approaches to residence in individual cases. The reliance on case law and the Restatement is not the only reason, however, for finding no legal CT Page 1722 error in the determination made.
Where the consequence of determining residence is not merely an accommodation of the wishes of a citizen, but the imposition of duties and expenses on a school district, the hearing officer was warranted in reaching a conclusion that comports with the general statutory scheme for allocating responsibility for education under Connecticut law. That scheme is based on geography, not affinities. Except where regional school districts have been created, school districts are coexistent with municipal boundaries. See 10-220 and 10-240 C.G.S. Each local board of education obtains funding for the schools in its district from the town in which the schools are situated; and such funds are raised in large part by local taxes pursuant to10-222 C.G.S. School boards are required to file annual reports as to the number of children of compulsory school age "who reside within the jurisdiction of such school district" each year, pursuant to 10-249 C.G.S., another instance of geographical organization.
The strictness of the geographical organization is such that specific statutes define which town shall be responsible for children subject to temporary institutionalization, based on the physical location of the children. See 10-253(a) and (b) C.G.S.
The appellant erroneously invokes 10-253(d) C.G.S. as creating an approach relying not on geography but intent. That statute concerns the determination whether a child is legally a resident in a particular town or is merely staying in the town for the purposes of schooling, while actually residing elsewhere. Such a determination does not apply to boundary line situations, in which the task is to assign a town of residence to one dwelling, not to choose between two dwellings in different towns that may be the child's residence.
The fact that a small part of the appellant's home and lot are in New Canaan did not require the hearing officer to decide that the New Canaan Board of Education was statutorily required to regard this child as a New Canaan resident because the family prefers to continue its pre-existing ties to New Canaan. In the absence of any statutory or regulatory requirement for assigning residence for dwellings lying in more than one school district, and in view ()f the dominant role of geography in Title 10, the court finds no legal error in the determination that the location of the majority of the dwelling determines residence for purposes CT Page 1723 of 10-220 C.G.S.
Preponderance of Evidence
Having correctly chosen a standard based on the location of the dwelling, the hearing officer determined that all but a small part of the Baersts' home was in Norwalk. The appellant does not dispute the finding, which is well corroborated by the tax map in the record. The second ground of the appeal is rejected.
"Best Interest of the Child"
At the time the court, Hale, J., remanded this matter for a de novo rehearing, he stated that "[t]he hearing officer should, of course, hear and consider seriously all relevant evidence offered and should recognize that the primary concern should be the welfare of the child." Baerst v. the Connecticut State Board of Education, (Docket No. 366993. May 28, 1991). (Judge Hale also stated that "economic information such as the payment of taxes is entitled to consideration . . .") The appellant asserts that Judge Hale's statements required the hearing officer to determine the issue of residence based on the welfare of the child and the family's orientation toward New Canaan rather than on the issue of location of the major part of the dwelling.
Nothing in Title 10 of the Connecticut General Statutes supports the approach favored by the appellant, and no Connecticut case law has held that cases involving residence (other than legal custody) should be determined in the manner suggested. The appellant cites Horton v. Meskill, 170 Conn. 615
(1977) concerning the importance of education and the entitlement of children to suitable education. This argument overlooks the fact that a free public education is available to Virginia Baerst in Norwalk, and that her right to such education is not being infringed or denied.
The appellant has not, unlike the plaintiff in Horton, raised any claim of constitutional violation arising from a geographical approach to properties bisected by town boundaries.
Conclusion
The appellant has not established grounds pursuant to4-183(j) C.G.S. for the setting aside of the decision of the hearing officer, and the appeal is, therefore, dismissed. CT Page 1724
Beverly J. Hodgson Judge of the Superior Court