SANDFORD PHIPPS *vs.* JOHN MAHON & another.

Suffolk. March 26. — April 2, 1886. W. ALLEN & HOLMES, JJ., absent.

If the plaintiff in an action declares upon an account annexed for work and labor, and offers evidence that his work was reasonably worth a certain sum, and the defendant answers with a general denial, and alleges, and offers evidence, that the work was done under a contract for a certain sum, which has been paid, the burden of proof does not shift, but is on the plaintiff to prove the contract alleged by him, upon all the evidence in the case.

CONTRACT. The declaration alleged that the defendants owed the plaintiff the sum of $100, according to an account annexed. The account annexed was for $200, for professional services in making plans, specifications, &c., and superintending the erection of a building in Hopkinton. The account also contained a credit of $100, leaving a balance due of $100.

The answer contained a general denial; admitted the employ-ment of the plaintiff; alleged that it was at a price agreed, namely, $100, which had been paid; and averred that the work was not well done, and that the services were only worth $100.

Trial in the Superior Court, before *Mason*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff, an architect, was employed by the defendants to prepare plans and specifications for their store in Hopkinton, and to superintend the building of it; and he offered evidence that said service was reasonably worth $200, which would be four per cent of the contract price of building.

The defendants contended, and offered evidence, that it was further agreed, at the time of said employment, that the plain-tiff's charge for his services should be $100, or two per cent of said contract price.

The judge instructed the jury that the burden of proof was upon the plaintiff to prove his case, that the service was ren-dered, and what it was reasonably worth; but that, if the de-fendants sought to avoid paying for the service what it was reasonably worth, upon the ground that there was an agreed price, it must be proved that the price was agreed; and, upon that, the burden of proof would be upon the defendants.

The defendants excepted to said instruction upon the burden of proof, contending that it was upon the plaintiff.

The jury returned a verdict for the plaintiff in the sum of $112.67; and the defendants alleged exceptions.

*L. H. Wakefield & C. Abbott*, for the defendants.

*H. E. Fales*, for the plaintiff.

DEVENS, J. The plaintiff relied upon the facts that he had rendered certain valuable service for the defendants at their re-quest, and that such service was reasonably worth the sum of $200, as establishing a contract by the defendants to pay this sum. Such is the legal interpretation of his declaration, which, in form, was an allegation that the defendants owed him a cer-tain sum according to an account annexed. The plaintiff did not claim that any fixed price had been agreed upon, although, had this been the case, such price might be recovered under a sim-ilar count. *Lowe* v. *Pimental*, 115 Mass. 44. By denying the allegations of the plaintiff's declaration, the defendants put in

issue, not merely the facts stated, but the existence of the contract, which was the legal inference therefrom, if no other facts appeared. While proof of these facts, with the aid of the legal inference to be deduced therefrom, establishes a *prima facie* case, so far as proof of a contract is required, it does not change the burden of proof in the case. The defendants relied upon an alleged agreement between themselves and the plaintiff, by which the latter was to do the work, the price of which is sued for, under a special contract for a sum certain, which the plaintiff had already received. It was for the defendants to offer some evidence to rebut the inference to be deduced from the facts proved by the plaintiff. They did not seek to avoid the contract alleged by the plaintiff, or the effect of it, but to disprove its existence. While, in form, their evidence was affirmative, the use they sought to make of it was strictly negative, and was for the purpose only of rebutting the plaintiff's proposition as deduced from the evidence offered by him. The burden was still upon the plaintiff to prove the contract alleged by him, upon all the evidence in the case. If we suppose this evidence to be equally balanced, he could not recover, as he has failed to prove that which is essential. In an action for labor and services rendered, where the plaintiff seeks to recover what they are reasonably worth, he cannot do so if the whole evidence leaves it in doubt whether they were not gratuitously rendered. The defendant, by asserting that they were so rendered, and offering any legal evidence to that effect, meets the *prima facie* case of the plaintiff, and the issue is then to be determined upon the whole evidence.

In *Warren* v. *Ferdinand*, 9 Allen, 357, which was an action brought for use and occupation of real estate, it was held that the defendant might prove a written lease of the premises under an answer simply denying the allegations in the declaration, and this for the reason that it rebutted and disproved the plaintiff's case. The existence of such a lease was not a fact in the nature of confession and avoidance, but one which sustained his denial of the plaintiff's allegations.

In *Gay* v. *Bates*, 99 Mass. 263, the declaration alleged that the defendant received iron for storage on the ordinary contract of a warehouseman ; the answer denied this, and alleged that it was

received on a contract by which the plaintiff assumed all the risk of its being injured by salt. It was held, at the trial, that the burden of proof did not shift upon the defendant, upon his admitting that he received the iron and stored it where it was injured by salt, but was on the plaintiff throughout to establish the contract on which he relied, and not alone the particular facts from which he sought to deduce it. To the same effect are *Wilder* v. *Cowles*, 100 Mass. 487, and *Nichols* v. *Munsel*, 115 Mass. 567.

The instruction of the learned judge was therefore erroneous, in holding that, upon proof that the services were rendered and proof of what they were reasonably worth, the burden of proof was on the defendants to show that there was an agreed price therefor. The defendants did not, by their evidence, seek to set up an independent proposition or distinct case, but to meet that set up by the plaintiff.                  *Exceptions sustained.*