## McKenzie v. Stretch.

1. *Burden of Proof.*—When the right of a plaintiff to recover rests upon an alleged contract, he must show by a preponderance of the evidence, a right of recovery under all the terms and conditions of the contract. This is equally true whether the plaintiff is seeking to prove a condition necessary to his right of recovery, or endeavoring to exclude a condition, which his adversary asserts as a part of the contract.

Memorandum.—Action upon a contract. Writ of error to reverse a judgment of the County Court of McLean County; the Hon. COLOSTIN D. MYERS, County Judge, presiding. Heard in this court at the May term, A. D. 1892. Opinion filed October 24, 1892.

*Plaintiff's fifth instruction :*
The court instructs the jury in behalf of the plaintiff that if the defendant claims that the contract was contingent upon the colt's matching one the defendant owned, then the defendant is bound to prove the contingency by a preponderance of the evidence.

### PLAINTIFF'S BRIEF.

The burden of proof upon trial was upon Stretch, the plaintiff below, to prove that it was the only condition of said alleged contract, that the colt should stand up and suck. Hebbard v. Haughian, 70 N. Y. 54; Taylor v. Spears, 6 Ark. 381; Central Bridge v. Butler, 2 Gray, 130; Ins. Co. v. Cole, 4 Fla. 359; Eastman v. Gould, 63 N. H. 89; Garretson v. Bitzer, 57 Iowa, 469; Zoller v. Morse, 130 Mass. 267; Homire v. Rodgers, 74 Iowa, 395; Simpson v. Davis, 119 Mass. 269.

FRANK R. HENDERSON and EZRA M. PRINCE, attorneys for plaintiff in error.

### DEFENDANT'S BRIEF.

The burden of proof was on McKenzie to show that this colt was to be a match for his. He asserts this as a defense to this suit. He is holding the affirmative of this proposition and is bound to maintain it by a preponderance of the

evidence. The jury had no right to believe it was true until established by a preponderance of the evidence. Burns v. Nichols et al., 89 Ill. 480.

Wetly, Sterling & McNulta, attorneys for defendant in error.

Opinion of the Court, the Hon. Carroll C. Boggs, Judge.

The defendant in error began this action against the plaintiff in error before a justice of the peace to recover upon an alleged verbal contract that plaintiff in error would pay the defendant in error one hundred dollars for a colt to be bred upon a certain mare belonging to defendant in error by a stallion called the Moots horse, to be paid when such colt should stand up and suck. The action was defended upon two grounds: First. That the conversation between the parties relied upon to establish the contract was merely by way of a jest and in merriment, and not all in earnest as a contract. Second. That the alleged contract, whether a jest or not, was upon the condition that the colt to be purchased should be the match of another colt owned by the plaintiff in error.

The parties had a conversation when no other person was present, which plaintiff below claimed resulted in the contract sued upon.

Both parties testified as to the conversation. The plaintiff in error's version is that his proposition and the contract for the purchase of the colt were upon condition that it should prove when foaled to be a "match" for a colt then owned by him. This the defendant in error denied and asserted that the only condition was that the colt should live to "stand up and suck."

The court instructed the jury that the law cast upon plaintiff in error (who was the defendant below) the burden of showing by a preponderance of the evidence that the contract was conditional in the respect claimed by him. This we think was error. When the right of a plaintiff to recover rests upon an alleged contract, he must show by a preponderance of the evidence a right of recovery under all

the terms and conditions of the contract. This is equally true whether the plaintiff is seeking to prove a condition necessary to his right of recovery or endeavoring to exclude a condition which his adversary asserts was a part of the contract. Upon the question of what were the terms and conditions of the contract, the preponderance of evidence is required of the plaintiff.

He sues upon the contract, and to recover, must show by a preponderance of the evidence that under its terms and conditions he has the right to recover.

If the defendant claims that the contract was so conditioned as to relieve him from liability, and no proof of such condition appears in the testimony produced on behalf of the plaintiff, the burden of introducing testimony tending to establish the condition is upon the defendant—but to defeat the plaintiff he is not required to prove by a preponderance of evidence that such was the contract. When testimony is produced tending to establish the condition claimed by a defendant, the issue is as it was at the beginning of the trial. What are the terms and conditions of the contract?

Upon this issue the party seeking a judgment by the force and effect of the contract must produce a preponderance of the evidence. If the evidence as to one of the conditions is equally balanced, there can be no judgment against the defendant, if this condition would acquit him of liability. As to all the terms and conditions of the contract upon which the suit is brought, the burden of producing a preponderance of the proof is upon the plaintiff throughout the entire trial. Powell v. Russell, 13 Pick. (Mass.) 76; Phipps v. Mahon, 141 Mass. 471; 1 Greenleaf's Evidence, 15th Ed., Note a, Section 74.

The testimony upon the point in question was almost wholly that of the two contending parties. It was directly contradictory, and might have been regarded by the jury as equally balanced. The colts were not similar, much less matches. It was therefore important that the instructions should correctly and accurately state the rule of law applicable to the situation.

The instruction given cast the burden wrongfully, we think, upon the plaintiff in error.

It is urged that the cause has been three times tried, and that the defendant in error has succeeded upon each hearing.

We think a consideration of these verdicts makes more apparent the prejudical effect of the instruction under consideration.

The first verdict was for $50 and was wholly unwarranted by the evidence, because plaintiff should, according to his own evidence, recover $100 or be defeated.

This verdict indicates that the jury were unable to agree upon the real question at issue. It was the result of the inability of the jury to determine from the proof what the contract was, and of a too common disposition of jurors to split the difference when unable to determine whether they really ought to give the plaintiff all that he claims, or nothing at all.

The second verdict was for $12, a sum which has no connection whatever with the evidence, except that it was casually mentioned by the plaintiff below that he paid that sum for the season of the mare. This verdict, it is apparent to us, was agreed upon because the jury was unable to agree from the evidence as to the real right of the parties, but concluded that the defendant below ought to be willing to pay the sum named to be rid of further litigation.

The last verdict was for $100, and we can not say but that it was produced by the erroneous instruction.

Judgment must therefore be reversed and the cause remanded.