OSCAR HELBIG, Appellee, *vs.* THE CITIZENS' INSURANCE COMPANY, Appellant.

*Opinion filed April 23, 1908—Rehearing denied June 4, 1908.*

1. INSURANCE—*when suit is not barred by terms of policy.* A fire policy precluding any action or suit unless begun within one year from the loss has reference to the original suit, and if a suit is begun within one year it is not necessary that a writ of error to review the judgment in that suit in favor of the defendant be also sued out within the year.

2. SAME—*insured may testify as to transaction with company's agent, since deceased.* Section 4 of the Evidence act, providing that a party to a suit who has contracted with an agent of the adverse party, where the agent has since died, shall not be competent to testify to admissions or conversations of the agent, does not preclude a policy holder from testifying that the agent delivered the policy to him and that he paid the premium to the agent.

3. EVIDENCE—*presumptions of law do not shift burden of proof.* The only effect of legal presumptions is to create the necessity of evidence to meet the *prima facie* case created by such presumptions, which, if no evidence to the contrary is offered, will justify a verdict.

4. INSTRUCTIONS—*instruction should not call particular attention to plaintiff's testimony.* An instruction telling the jury that in weighing the plaintiff's testimony they had a right to take into consideration his manner and conduct while on the witness stand and his interest in the suit is properly refused, as being calculated to give the jury the idea that the court considered the plaintiff had acted differently from any other witness.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. C. D. MYERS, Judge, presiding.

This is an action in assumpsit to recover on an insurance policy for $1500, alleged to have been issued by appellant to appellee on furniture and fixtures in the Phœnix Hotel, in Bloomington, which was destroyed by fire June 19, 1900. The declaration sets out in a special count the policy *in hæc verba.* This suit was commenced June 17, 1901. Appel-

lant filed a plea of general issue. The first trial resulted in a disagreement of the jury. On a second trial judgment was entered in favor of appellant but was reversed on writ of error by the Appellate Court. (*Helbig* v. *Citizens' Ins. Co.* 108 Ill. App. 624.) After this reversal judgment was again found in favor of appellant, which was also reversed by the Appellate Court. (*Helbig* v. *Citizens' Ins. Co.* 120 Ill. App. 58.) On the case being tried a fourth time the jury returned a verdict of $1959.58 in favor of appellee. This judgment, on appeal, the Appellate Court affirmed, and further appeal has been taken to this court.

After the first reversal by the Appellate Court an additional plea was filed by appellant setting up the following provision of the policy: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire." This plea also averred that while the suit was started in the trial court within a year, final judgment was rendered in favor of appellant June 14, 1902, from which no appeal was taken, and that more than two years after the fire appellee sued out a writ of error from the Appellate Court upon said judgment of June 14, 1902; that the suing out of such writ of error was the commencement of a new suit, and that all subsequent proceedings were barred by the limitation clause contained in the policy. A demurrer to this plea was sustained.

BARRY & MORRISSEY, for appellant.

PEIRCE & PEIRCE, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The testimony tends to show that appellant had issued four policies of insurance, by the same agent, to appellee; that the first was issued about the middle of 1898, on the

same property and for the same amount, rate and time as the one here in question and expired by its own limitation; that the second was for $2500 on the hotel building, dated in 1899, for three years; that this policy was paid in full by appellant after the fire; that the third policy was issued at the expiration of the first, covering the same furniture and fixtures and for the same amount, rate and time, but that appellant refused to accept the risk at the rate of one per cent because of a board partition in one of the walls of the hotel and canceled the policy a few days after its issuance, by written notice served on appellee, the canceled policy being surrendered to the agent, who stated to appellee that the company would accept the risk at an increased rate of one and one-half per cent; that thereafter appellee ordered the policy here in question, which the agent wrote and gave to appellee at the latter's store, and that said policy was thereupon placed in said appellee's safe in his store, and appellee and his daughter testify that he then and there paid the agent the premium of $15. This testimony as to the payment is corroborated by the agent's account current for the month of August, 1899, (the policy in question was dated August 30 of that year,) returned to the company October 4, 1899, wherein the agent charged himself with the receipt of the premium. The agent died previous to the trial and his testimony is not in the record. Appellant contends that appellee's right to recover must be based, under the declaration, on the theory that the premium was paid, and that, in fact, it was never paid, offering testimony tending to uphold this contention.

The briefs of counsel ignore the rule of law, repeatedly stated by this court, that findings as to controverted questions of fact, when the verdict of the jury has been approved by the trial court and the judgment of that court affirmed by the Appellate Court, are binding on this court. The weight of the testimony can never be considered here. (*Alexander* v. *Loeb*, 230 Ill. 454, and cases cited.) The evi-

dence on this question was sharply conflicting, nevertheless counsel on both sides have proceeded to argue in this court concerning it at great length. So far as we can discover, the briefs are apparently the same as when filed in the Appellate Court, except as to the title of the court on the covers and first pages. The opinion of the Appellate Court is not discussed or referred to in any manner in them. Such a method of presenting a case on appeal from the Appellate Court falls far short of furnishing this court the assistance it should receive in reviewing the questions properly before it. In the recent case of *Chicago City Railway Co.* v. *Nonn*, 229 Ill. 191, the departure from proper practice in this regard was so extreme that the court deemed it necessary to strike the briefs from the files. The work of deciding this case would have been greatly lessened had counsel carefully distinguished and argued only the questions that the law requires this court to consider.

Appellant earnestly insists that the first writ of error sued out of the Appellate Court was a new suit, and that all subsequent proceedings were barred by the one year limitation clause contained in the policy; that the suing out of a writ of error is the commencement of a new suit for all purposes. (*International Nat. Bank* v. *Jenkins*, 107 Ill. 291; *Same* v. *Same*, 104 id. 143; *Singer & Talcott Stone Co.* v. *Hutchinson*, 176 id. 48; *Haigh* v. *Carroll*, 197 id. 193.) These decisions, and others of like nature in this State, refer to and construe the Statute of Limitations, and none of them have reference to a limitation in a policy or contract such as the one here in question. Statutes limiting the right to bring actions to a particular period are restrictive and will not be extended to other than those cases expressly provided for. (Sutherland on Statutory Const.—ed. of 1891,—sec. 368.) It is a well established doctrine in. construing statutes of limitations that cases within the reason but not within the words of a statute are not barred. (*Bedell* v. *Janney*, 4 Gilm. 193.) In discussing statutory

limitations in *Phœbe* v. *Jay,* Breese, 268, we said (p. 273).: "The Statute of Limitations was made for the purpose of quieting parties after so much time has elapsed as affords a presumption that the evidence might be lost by death or forgetfulness. * * * The law, therefore, discourages lawsuits after so much time has intervened as to create the presumption that witnesses have died or forgotten the transactions,—or, in other words, the law favors the diligent and not the slothful." While, under the decisions in this State, this writ of error must be held to be a new suit on the record, it can hardly be held to be one on the insurance policy. The provision in question in the policy, if construed as contended for by appellant, would, in effect, prevent suits on insurance policies containing such a limitation from being reviewed by writs of error. Fairly construed, that provision requires the original suit to be begun within a year from the date of the fire, and not that writs of error reviewing the proceedings in such original suit must also be commenced within the same period of time. No decisions precisely in point, either in this or other jurisdictions, have been called to our attention, but the following authorities tend to support this conclusion: *Hamburg-Bremen Fire Ins. Co.* v. *Pelzer Manf. Co.* 76 Fed. Rep. 479; *Harris* v. *Phœnix Ins. Co.* 35 Conn. 310; *Davis* v. *Stewart & Co.* 26 Ohio St. 643.

Appellant also insists that the trial court erred in permitting appellee to testify that the deceased agent of appellant had delivered the policy in question to him and that appellee had paid said agent the amount of the premium; that under section 4 of chapter 51 (Hurd's Stat. 1905, p. 1035,) this evidence was inadmissible. That part of the section relied upon reads: "In every action, suit or proceeding a party to the same who has contracted with an agent of the adverse party,—the agent having since died,—shall not be a competent witness as to any admission or conversation between himself and such agent," etc. This statute as it now reads went into effect July 1, 1899. Previous to that

time this portion of the statute, in place of reading as it now does, "admission or conversation," read "conversation or transaction." The amendment of this section by striking out the word "transaction" was obviously for the purpose of permitting transactions between the agent and the party to be proven but still to prevent the proof of any admission or conversation with the agent. As the statute now reads we think the proof of the transaction in question was clearly competent.

Appellant also offered in evidence certain letters written by appellant to the agent in question long after the execution and delivery of the policy to appellee, and also certain entries on its office record referring to the policy here in question, which were also made long after said policy was given to appellee. These letters and records were *ex parte,* self-serving statements, no part of the *res gestæ,* and we can not see how they were competent for any purpose.

Appellant also contends that the court erred in giving certain instructions for appellee referring to the presumption of law arising from the possession of the policy. Appellee's first instruction told the jury that if appellee was in possession of the policy when the suit was commenced then the law would presume that the policy was accepted by him and would require evidence to overcome that presumption, but that the jury must determine that question, as well as all others, solely from the evidence. The second instruction for appellee stated that if the evidence showed that appellant, by its agent, made and delivered the policy in question to appellee the law would presume that the premium was paid, and before the jury could find the premium was not paid they must find that this presumption had been overcome by evidence. The fifth instruction stated that if the jury believed that appellant's agent executed and delivered the policy to appellee then the law would presume that the policy was accepted by him, and the jury must find it was so accepted unless this presumption was overcome by evidence.

Appellant's argument is to the effect that these instructions practically require appellant to assume the burden of proof on the delivery and acceptance of the policy and the payment of premium. Appellant insists that the plea of verification filed after the cause was first reversed by the Appellate Court and sent back for new trial destroyed all presumption which might be indulged in previous to the filing of this plea. Before this verification plea was filed appellant could not deny the execution and delivery of this policy as set forth in the declaration. (*Firemen's Ins. Co.* v. *Barnsch*, 161 Ill. 629.) After the plea was filed it could offer evidence tending to prove such a contention. Legal presumptions do not shift the burden of proof. Their only effect is to create the necessity of evidence to meet the *prima facie* case created thereby, and which, if no proof to the contrary is offered, will prevail. The burden of proof,—meaning the obligation to sustain the truth of the claim affirmed by a preponderance of evidence,—rested on the appellee throughout the trial. Proof introduced, under the pleadings in this case, that appellee, as set out in said instructions, was in possession of the insurance policy executed and delivered to him by appellant would justify, if no other proof was in the record, the finding of a verdict in his favor. All that is meant by these instructions is, that before the jury can find otherwise they must be justified in so doing by the evidence heard by them. This conclusion is supported by the following authorities: *Supreme Tent K. O. T. M.* v. *Stensland*, 206 Ill. 124; *Chicago Union Traction Co.* v. *Mee*, 218 id. 9; *People* v. *Casey*, 231 id. 261; *Compher* v. *Browning*, 219 id. 429. Instructions must be taken as a series, and in reading these instructions in connection with those given for appellant there was no possibility for the jury to be misled as to the burden of proof on the whole evidence resting on appellee.

Complaint is also made as to appellee's sixth instruction because it authorized the jury to find for appellee without

234—17

specifically stating in said instruction that the premium on said policy must have been paid by appellee. This instruction, standing by itself, would be subject to criticism in this regard, but as the fact that the proof was required to show that the premium was paid by appellee before recovery could be had was particularly set out in several of the instructions given for appellant, we do not think the jury were misled because of its omission in this instruction.

Appellant also complains of the refusal of its seventh instruction, which requested the court to instruct the jury that in weighing the plaintiff's testimony they had a right to take into consideration his manner and conduct while on the witness stand and his interest in the result of the suit. No authorities are cited by appellant in support of the contention that it was error to refuse this instruction. That part of it which called attention to the interest of appellee might properly have been given under the authority of *Chicago and Erie Railroad Co. v. Meech,* 163 Ill. 305, and *West Chicago Street Railroad Co. v. Nash,* 166 id. 528. (See, also, on this point *Pennsylvania Co. v. Versten,* 140 Ill. 637.) It also called particular attention to the manner and conduct of plaintiff while on the witness stand. We said in *Martin v. People,* 54 Ill. 225, that a court can hardly err in refusing to give any instruction which seems designed to influence a jury as to the credit to be given to particular witnesses. Had this instruction been given, the jury would certainly have had reason to believe that in the judgment of the court appellee had acted differently from any other witness, and that therefore the court was of the opinion that such actions might affect the weight of his testimony. *Godair v. Ham Nat. Bank,* 225 Ill. 572.

Other instructions are complained of, but as to some of them it is not pointed out in what respect they are faulty, and it is not the duty of the court to search for such reasons. (*Wickes v. Walden,* 228 Ill. 56.) Certain other instructions complained of were properly refused because they

singled out particular facts. *Weston* v. *Teufel*, 213 Ill. 291; *Callaghan* v. *Myers*, 89 id. 566; *Wickes* v. *Walden*, *supra*.

While this record is not free from errors we do not think any have been pointed out that would justify reversal. The judgment of the Appellate Court will accordingly be affirmed.

*Judgment affirmed.*