## John Kiick, Appellant, v. Edward Boost, Appellee.

1. EVIDENCE—*what incompetent as hearsay.* A letter containing the unsworn statement of one not a party to a cause is mere hearsay and properly excluded.

2. INSTRUCTIONS—*when upon credibility of witnesses, properly refused.* Where both parties to a cause are individuals, an instruction which singles out one of them and directs the jury with respect to judging of his credibility, is erroneous.

Assumpsit. Appeal from the Circuit Court of Logan county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed November 17, 1908.

BEACH, HODNETT & TRAPP, for appellant.

HUMPHREY & ANDERSON and DONALD McCORMICK, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in assumpsit upon the common counts, by appellant against appellee. Judgment was rendered upon a trial by jury in favor of the defendant and against the plaintiff for costs. The bill of particulars filed with the declaration recites that the defendant agreed that if the plaintiff would sell to the defendant all his interest in a mercantile business then conducted by them, and formerly conducted by the defendant and one Folkers, and would procure from said Folkers a conveyance to the defendant by deed and bill of sale, of all his, Folkers', interest in said business, and a release by him of all right he might have against the defendant for an accounting, he, the defendant, would pay to the plaintiff the sum of $1,000; that pursuant to said agreement the plaintiff purchased the interest of Folkers for $1,000, in said business, and afterward conveyed the same to the defendant, and also procured from Folkers the conveyance and release referred to; that the defendant in consideration thereof became liable to and promised to pay the plaintiff the sum of $1,000, but that he had failed so to do, etc.

The over-crowded condition of the docket of this court forbids an extended rehearsal and discussion of the evidence. It will suffice to say that we have carefully read and considered the same, and are unable to say that the verdict is manifestly against the evidence.

We find no error in the rulings of the court upon the evidence or instructions. The letter from Folkers was properly excluded. It was but an *ex parte* unsworn statement of one not a party to the suit. Winslow v. Newlan, 45 Ill. 150. The court did not err in refusing plaintiff's first, second, third and fourth instructions. Where both parties to a cause are individuals, an instruction which singles out one of them and directs the jury with respect to judging of his

credibility, is erroneous. Taylor v. Crowe, 122 Ill. App. 518; Matthews v. Granger, 196 Ill. 164; Helbig v. Ins. Co., 234 Ill. 251.

The judgment of the Circuit Court is affirmed.

*Affirmed.*