Town of Glover *v.* Town of Greensboro.

May Term, 1917.

Present: Watson, C. J., Haselton, Powers, Taylor, and Miles, JJ.

Opinion filed October 2, 1917.

*Paupers—Domicile—Residence—Change of—Question of Fact.*

To constitute domicile, the fact of residence and the intent to make the place of residence the home of the party must concur; and so, to effect a change of domicile, there must be an actual removal or change of residence, without the intention of going back.

The question of the change of residence by an alleged pauper is one of fact to be determined on all the evidence as to the intent with which the change was made, combined with that bearing upon the actual removal.

Under the evidence, *held,* that the finding of the referee as to the domicile of the alleged pauper was supported by the evidence, and was not inconsistent with other findings in the case.

ASSUMPSIT to recover for expenditures in the support of a pauper. Plea, the general issue. Heard in vacation after the September Term, 1916, Orleans County, *Stanton,* J., presiding.

STATEMENT BY WATSON, C. J. This case was heard below on a referee's report and defendant's exceptions thereto. The exceptions were overruled and judgment rendered for the plaintiff to recover the amount found to have been expended by it in the support of the pauper, L. G. Bush and his wife. Defendant excepted to the judgment.

The evidence taken before the referee, in respect of the intent of the alleged pauper as to residence, is made a part of the report, solely on that question. The ultimate issue was whether the pauper last resided in the defendant town for the space of three years, supporting himself and family, as was necessary by statute (P. S. 3667), in order to the plaintiff's right of recovery for the assistance rendered. The assistance was furnished by the plaintiff town, part in February, 1914, and part in April, 1914, when Bush was a resident therein, was poor, and in need thereof.

At all times mentioned in the findings, Bush had a wife whose needs and poverty increased or were relieved, according as her husband's poverty and means were increased or relieved, and who shared with him in the benefit of the assistance furnished. Bush and his wife went to defendant town as early as January, 1908, and immediately took up a residence therein, moving upon and occupying a farm, keeping house, supporting themselves, and never received any assistance from the town while either remained therein. In October, 1910, they moved from this farm, taking with them their household goods, storing them in an old building in the town, belonging to one Carl Thompson (whose wife is a cousin of Mrs. Bush), after which Bush and his wife did not keep house in that town. From the time last mentioned until the following April, Mrs. Bush remained with her said cousin for the most part, but visited occasionally among neighbors living in the same town, and continuously resided in that town from January 31, 1908, until April, 1911. Mr. Bush also resided continuously therein, from January 31, 1908, except as stated below.

Immediately after leaving the farm as stated above, Mr. Bush made a visit to Derby, remaining about a week, and returning to defendant town where he and his wife continued to visit

with the Thompsons until after the following January, during which time Bush and his wife helped the Thompsons a bit, and during which time Bush worked out to some extent in the town; but otherwise neither he nor his wife paid the Thompsons anything for their support, nor did the Thompsons pay them or either of them anything for their assistance. Mrs. Thompson tired of the presence of Mr. Bush as a guest and finally told him to get out, that she had had him there as long as she wanted him. The referee states that he is unable to find that Bush left the Thompsons by reason of the inhospitable suggestion of Mrs. Thompson; but thereafter, pursuant to a previous contract of hiring, Bush, on the first day of January, 1911, went to the plaintiff town to work for one William Graham, leaving his wife at the Thompsons in the defendant town. Bush remained in Glover in the employ of Graham until February 1, 1911, when he completed his work there, but by reason of a heavy snowstorm remained a few days longer, after which he returned to the Thompsons', where he stayed a day or so with his wife. From that time on until his final removal from defendant town as mentioned below, the referee states that he is unable to find where Bush kept himself, but he was at the Thompsons' only a small portion of the period.

In the following April (1911) Bush and his wife, taking their household effects from the old building where stored as stated above, moved from defendant town to plaintiff town, and have ever since remained there. After such removal and prior to March, 1913, the overseer of the poor of the latter town had occasion to help them, and on February 27, 1914, sent notice to the overseer of the poor of defendant town, in accordance with the provisions of section 3667 of the Public Statutes, concerning which no question is made. The assistance for which recovery is here sought, was rendered after the giving of such notice.

The referee finds that prior to such removal in April, 1911, Bush had been thinking of so doing, and had been thinking of permanently leaving Greensboro, but was unable to find that he ever definitely determined permanently to abandon that town and take up his residence elsewhere until at the time of his removal with his wife in the month last mentioned. His leaving that town on previous occasions is found to have been at most but temporary absences, and his residence there is found to have continued from the 31st day of January, 1908, until April, 1911.

Defendant excepted to the finding last stated, as not supported by the evidence, and as inconsistent with the other facts found, especially that: ''When he (Bush) left defendant town and went to plaintiff town January 1, 1911, he went under an agreement to work for Graham two months, but as stated worked only one month, and while at said. Graham's had no home in defendant town other than with the Thompsons, to whose place he could not return as a matter of right.''

*John W. Redmond* for defendant.

*Cook & Norton* for plaintiff.

WATSON, C. J.    There can be no doubt, on the facts found, that the alleged poor person was a resident of the town of Greensboro from January 31, 1908, to January 1, 1911, supporting himself and family, within the meaning of the law.    The real question is, whether on the day last named, when he went to the town of Glover to work for Graham under a contract of hire, he changed his residence to that town.    If he did, his continuous residence in Greensboro was thirty days short of three years, the time essential to the latter's liability.    But if he did not, then he last resided in that town for the space of three years, supporting himself and family, and a recovery can be had for the assistance furnished.

The intention of a person in respect of making a change in his place of residence is important to consider; but it is not alone determinative of the fact of effecting the change.    Domicile is not a thing resting wholly in intention, and residence is a fact. *Jamaica* v. *Townshend,* 19 Vt. 267; *South Burlington* v. *Worcester,* 67 Vt. 411, 31 Atl. 891.    The person's purpose to change, unaccompanied by actual removal or change of residence, does not constitute a change of domicile.    The fact and the intent must concur.    He must remove without the intention of going back.    *Mount Holly* v. *Plymouth,* 89 Vt. 301, 95 Atl. 572. To constitute domicile, the fact of residence and the intent to make the place of residence the home of the party must concur. *Fulham* v. *Howe,* 62 Vt. 386, 20 Atl. 101.

The question of the change of residence in the case before us was to be determined on all the evidence as to intent, combined with that bearing on the actual removal.    We think the

finding of the referee to which exception was taken, was amply supported by the evidence, and is not justly subject to the criticism made. Nor is such finding inconsistent with the other findings quoted in the exception, that while working for Graham in plaintiff town, Bush "had no home in defendant town other than with Thompson, to whose place he could not return as a matter of right." One element of the finding objected to being that the occasions when Bush was away from the latter town previous to moving away with his wife in April, 1911, "were at most but temporary absences," there is not even color of inconsistency between the two findings, for he had not abandoned that town as the place of his residence. *Mount Holly* v. *Plymouth,* cited above. The exception is not sustained in either respect.

The exceptions saved in connection with the admission and use of evidence, have not been briefed.

*Judgment affirmed.*