CITY OF BARRE *v.* TOWN OF BETHEL.

November Term, 1928.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed March 13, 1929.

*Deane C. Davis,* city attorney of Barre, for the plaintiff.

*John J. Wilson* for the defendant.

WATSON, C. J.  This case stands on an agreed statement of facts. It is said in *Mathie* v. *Hancock,* 78 Vt. 414, 63 Atl. 143, and in *Chittenden County Trust Co.* v. *Hurd, Jr. et al.,* 93 Vt. 71, 106 Atl. 564, and in *City of Barre* v. *Barre & Chelsea R. R. Co.,* 97 Vt. 398, 123 Atl. 427, 37 A. L. R. 207, that in such circumstances the case must be determined on the facts appearing as so established, for no inference can be drawn by the court from any of such facts. Lest the legal effect of the rule as stated above may be misunderstood, we state it with greater precision in *Hooper, Trustee* v. *Kennedy,* 100 Vt. 314, 137 Atl. 194, where it is given in substance that when the facts are agreed, such facts and the necessary inferences from such facts may be drawn, or considered. This is so for the necessary inferences are, in legal effect, a part of the facts agreed. To this effect is *Old Colony R. R. Co.* v. *Wilder,* 137 Mass. 536, 538.

It appears from the agreed facts that Henry W. Adams acquired property in a certain restaurant in defendant town on approximately August 14, 1919, and that he and his wife, Odell Adams, then, for the first time became residents of that town and commenced living therein. Later in the year 1919 he exchanged his interest in said property for an interest

in the so-called Buck store in East Bethel Village, in the same town, in which town he continued to reside. The residence of Henry W. Adams, having been established in the town of Bethel on approximately August 14, 1919, the presumption is that it continued to be at the same place until a change was shown, and the burden was on the party asserting such change to prove it. *Sowles* v. *Carr,* 69 Vt. 414, 38 Atl. 77; *Rixford* v. *Miller et al.,* 49 Vt. 319; *State, ex rel. Phelps* v. *Jackson,* 79 Vt. 504, 65 Atl. 657, 8 L. R. A. (N. S.) 1245; *Mitchell* v. *United States,* 88 U. S. (21 Wall.) 350, 22 L. ed. 584; 9 R. C. L. 567. The fact that on January 14, 1920, the same day on which he had a disagreement with his wife, he transferred to her his interest in said store property and the insurance thereon, which interest and insurance she held until November 2, 1922, all the time continuously living in that town and remaining his wife, did not operate to change the situation as to his residence. Nor, as will be seen, was any such change in the situation caused by the fact that upon such transfer, he took himself to the town of Hardwick, Vermont, wherein he lived for a portion of a year or so continuously, commencing on or about January 14, 1920, there living with a certain housekeeper and a certain son of his own, and in taxing time of the year 1921, being listed in Hardwick for a poll tax which he afterwards paid, thereafterwards living with and working for said housekeeper on a certain farm in Walden, this State, and afterwards living with and working for her at a certain store in Calais, this State. For the agreed facts do not show any intention on his part to make a permanent removal from Bethel at the time he ''took himself to the town of Hardwick,'' as therein stated. There cannot be a permanent change of domicile without the fact of removal and the intent concur. *Mount Holly* v. *Plymouth,* 89 Vt. 301, 95 Atl. 572; *Town of Glover* v. *Town of Greensboro,* 92 Vt. 34, 101 Atl. 1016. The fact that in 1921 Henry W. ''was listed in said Hardwick for a poll tax and paid the same'' to that town, is not conclusive of a permanent change. For aught that appears, he may have been so listed without any act or knowledge of his, and later paid the tax to avoid trouble. Moreover, within the period of two years or a little more when living at Hardwick, Walden, and Calais, he went back to his home in Bethel at least four times and then and there on such occasions occupied the same room with his wife. During the same period practically all the house-

hold goods and furniture previously used by him and his wife remained in her possession in Bethel. He returned to his wife in Bethel before taxing time in the year 1922, and was there listed for a poll tax. He carried back to Bethel $100 which was thereafterwards commingled in common with other property, he, himself, there remaining with her until the said store property by him transferred to her, as stated above, was exchanged in part for a farm in Northfield, whereto they together departed about November, 1922, never returning to Bethel.

██ ██ It is contended in behalf of defendant that during the time Henry W. was in Hardwick, Walden and Calais, he never contributed any support to his wife or family in Bethel. The agreed facts, however, do not bear out this contention. He was the owner of the store property transferred by him to his wife before going to Hardwick, and after such transfer he had at least a freehold interest therein by virtue of his marital rights, it not being her separate property. *Dietrich* v. *Hutchinson,* 73 Vt. 134, 50 Atl. 810, 87 A. S. R. 698; *Laird, Assignee* v. *Perry,* 74 Vt. 454, 52 Atl. 1040, 59 L. R. A. 340.

Such freehold interest therein was not taken away by No. 90, Acts of 1919. Of what the store property consisted, or the annual income therefrom, the agreed facts do not show. We therefore cannot say that the income therefrom was not enough to support the wife. If it was, then by legal construction, the agreed facts show that during the period from August, 1919, to November, 1922, "said Henry and said Odell were self-supporting."

On the facts agreed, it seems certain that the pauper residence of Henry W. Adams was continuously, without interruption, within the meaning of the statute, in the defendant town, for the space of three years and more, commencing on approximately August 14, 1919, and ending about November, 1922, supporting himself and family; since which latter time he has not secured a three-year residence in any town or city in the State of Vermont.

*Judgment reversed, and judgment for the plaintiff to recover the sum of $51.71 with interest from February 9, 1926, and costs.*

NOTE. CHASE, J., sat at the hearing of this case, but having resigned, took no part in its disposition.