TOWN OF GEORGIA *v.* TOWN OF WATERVILLE.

February Term, 1935.

Present: POWERS, C. J., MOULTON, THOMPSON, and SHERBURNE, JJ., and BUTTLES, Supr. J.

Opinion filed May 9, 1935.

*Guy M. Page* and *Hollis C. Potter* for the defendant.

*P. C. Warner* for the plaintiff.

POWERS, C. J. The action is brought under P. L. 3923 to recover an amount expended in the relief of Albert Russell, a pauper, whose residence, it is claimed, is in the defendant town. The case was tried in the Franklin municipal court without a jury, and upon facts found and filed, judgment was rendered for the plaintiff. The defendant excepted. The only question before us is that of residence.

The findings show that the pauper, then a single man, went to Waterville in July, 1915, and lived with and worked for his

brother on the so-called Bragg farm in that town. From that time on, for a period of several years, he frequently left Waterville and lived and worked elsewhere, but returned to his brother's several times a year until he set up his own establishment as hereinafter stated. He was married on April 27, 1918, and with his wife went on a trip to Berlin, N. H., where he worked for about a month. He then returned to Vermont, stopping for a time with a relative of his wife in Johnson, and then went to Waterville, where he set up housekeeping in February, 1919. He moved to Huntington in 1920, but gained no residence there or elsewhere outside of Waterville. On or about January 1, 1917, he went to Johnson to work for another brother, and while there broke his arm. He remained there until sugaring, when he returned to Waterville to work for his brother. He moved to Georgia about the first of December, 1931, where he came to want and was relieved by that town to the amount herein sued for. During the time from 1915 to 1920, the pauper left a little clothing and a few chairs at his brother's, but whether or not he intended to return there to live is a fact not covered by the findings. It is expressly found that there was no specific agreement between the pauper and his brother about the former's returning to the Bragg farm, as he did from time to time. But it seems that from the facts found, the court below inferred that there was an implied agreement to that effect.

There is no express finding that the pauper gained a residence in Waterville, nor are sufficient facts found to compel the inference that he did. To constitute a residence under the pauper law, the fact that the pauper actually lived in the town in question and his intent to make that town his home must concur. *Fullam* v. *Howe*, 62 Vt. 386, 394, 20 Atl. 101; *Town of Glover* v. *Town of Greensboro*, 92 Vt. 34, 37, 101 Atl. 1016. All that is found here is that "the pauper, Albert Russell came to Waterville in July of 1915, and worked for his brother Arthur on the 'Bragg farm.'" Nothing is said in the findings as to his intent then or afterwards. But the defendant does not deny that he went to Waterville with the intent to make his home there—except on a ground not available here, as we shall see—and presents its case in a way implying that a residence was established.

Residence is a fact. *Town of Jamaica* v. *Town of Townshend*, 19 Vt. 267, 269, 270; *Town of Glover* v. *Town of*

*Greensboro,* 92 Vt. 34, 37, 101 Atl. 1016. But it is a fact of such a complex character that it frequently depends upon an application of certain rules of law to a variety of circumstances, conditions, and intentions, necessarily obscure and difficult to interpret. So it often happens that liability in actions between towns depends, largely, upon where the burden of proof lies. It is so here. The question of the burden of proof is of vital importance. At the start, as is plain enough, this burden is on the plaintiff. But when it has shown that the pauper once resided in the defendant town, intending to make his home there, it has made out a *prima facie* case, and is entitled to recover, unless the evidence for the defendant prevents. Residence being a continuous fact, it is presumed to continue.

The plaintiff argues that this presumption continues until it is overcome by the defendant's evidence, and that the burden of proof is on the defendant to show that the Waterville residence was changed. It was said in *Town of Newfane* v. *Town of Dummerston,* 34 Vt. 184, 186, a pauper case, that, ''a settlement in Dummerston being established, the legal presumption is, till the contrary is shown, that it continued there; and it is therefore incumbent on the defendant to prove a change of settlement.'' In *Rixford* v. *Miller,* 49 Vt. 319, 326, a case involving the question of the statute of limitations, it was said that ''when the residence of the defendants in New York is once established, it is presumed to continue there till the contrary is shown; and the burden is cast upon the defendants to show a change of residence.'' This doctrine, in almost identical language, was approved in *Sowles* v. *Carr,* 69 Vt. 414, 416, 38 Atl. 77; *State ex rel.* v. *Jackson,* 79 Vt. 504, 512, 65 Atl. 657, 8 L. R. A. (N. S.) 1245; and *Barre* v. *Bethel,* 102 Vt. 22, 26, 145 Atl. 410. Notwithstanding this impressive array of statements, we cannot approve them if to be taken literally. What the court should have said is that the presumption cast upon the other party the burden *of evidence*—the duty of going forward with evidence tending to defeat the party in whose favor the presumption operated. A presumption does not affect the burden of *proof*—the duty of establishing the essential facts. The only effect of such presumption is ''to create the necessity of evidence to meet the *prima facie* case created thereby, and which, if no proof to the contrary is offered, will prevail.'' *Helbig* v. *Citizens Ins. Co.,* 234 Ill. 251, 84 N. E. 897, 900. The

evidence for the plaintiff, aided by the presumption, established a *prima facie* case, but this did not change the burden of proof. *Phipps* v. *Mahon,* 141 Mass. 471, 5 N. E. 835, 836; *Harrison's Admr.* v. *Northwestern, etc., Ins. Co.,* 80 Vt. 148, 150, 66 Atl. 787. This remained on the plaintiff throughout the trial. All the defendant was called upon to do was to go far enough with its evidence to prevent a preponderance in the plaintiff's favor. It made no affirmative defense. It was under no duty to prove anything. Its "sole function was to repel and defeat" the plaintiff's case. *Harrison's Admr.* v. *Northwestern, etc., Ins. Co., supra.* The plaintiff's claim required proof of all of its essential facts. These included a three-year, self-supporting residence in the defendant town.

The distinction between these burdens is fully recognized in our cases. *Harrison's Admr.* v. *Northwestern, etc., Ins. Co., supra; White River Chair Co.* v. *Connecticut River Power Co.,* 105 Vt. 24, 39, 162 Atl. 859, and cases cited.

So we hold that the burden of showing a continuous domicile in Waterville was on the plaintiff notwithstanding the presumption referred to. Has the plaintiff established that fact by such a measure of evidence as to warrant the finding of the court below? As we have seen, the findings show that the pauper was, from time to time, absent from Waterville and for varying periods of time lived and worked elsewhere. These facts do not of themselves show a termination of his residence in the defendant town. Standing alone, they prove nothing of that kind. A change of domicile is effected only by the concurrence of an act and an intention. The absence of either of these thwarts the change. The necessary act is the actual transfer of bodily presence from the town of the residence. The necessary intention is a fixed and definite determination to remain in the new town or, at least, such a determination not to return to the old one. If this pauper actually went to another town with an intention of the character specified of remaining there for an indefinite time as a fixed place of abode, a change of residence was effective though he entertained a nebulous or floating intention of returning at some future time. *Anderson* v. *Estate of Anderson,* 42 Vt. 350, 352, 1 A. R. 334; *Wilbur* v. *Town of Calais,* 90 Vt. 335, 338, 98 Atl. 913; *Town of Glover* v. *Town of Greensboro,* 92 Vt. 34, 37, 101 Atl. 1016; *City of Barre* v. *Town of Bethel,* 102 Vt. 22, 26, 145 Atl. 410. It is found that the

pauper testified both ways about his intention of returning to Waterville on these occasions when he went away. The result of the evidence given was to leave this matter in doubt. There was a room in his brother's house at Waterville which Albert occupied when there, and he left there when he went away a little clothing and things of small consequence. But there was nothing to establish a *right* to return there as distinguished from a sufferance of that kind. The general effect of his conduct indicates that his return to his brother's was by tolerance rather than agreement. This is especially true after the date of Albert's marriage. At the date of this marriage, he had not lived in Waterville long enough to establish a residence. There is no evidence warranting the inference that after the marriage he and his wife were entitled to a home at the brother's house; nothing to indicate that they were there except as guests.

Since the pauper retained no home in Waterville unless he had a place there to which he had a right to return, *Town of Berlin* v. *Town of Worcester,* 50 Vt. 23, 26; *Londonderry* v. *Town of Landgrove,* 66 Vt. 264, 267, 29 Atl. 256, and since he must have had an intention of returning to such place in Waterville whenever he left town, and since the plaintiff carried the burden of proof on both these questions, *Id.,* the inferences necessary to support the judgment below were unwarranted by the record.

The defendant argues that the pauper was a minor when he went to Waterville, and for that reason could not choose or gain a residence there. This may be so, but the trouble is, the point was not made below. So it will not be considered here. *Roberge* v. *Town of Troy,* 105 Vt. 134, 142, 163 Atl. 770.

Many other exceptions were saved, but as the case is to be retried, we do not deem it necessary to consider them now.

*Judgment reversed, and cause remanded.*