TOWN OF PEACHAM *v.* TOWN OF KIRBY.

November Term, 1937.

Present: POWERS, C. J., SLACK, MOULTON, SHERBURNE and BUTTLES, JJ.

Opinion filed January 4, 1938.

290

*Porter, Witters & Longmoore* for the defendant.

*Sterry R. Waterman* for the plaintiff.

SLACK, J. The plaintiff seeks to recover under P. L. 3923 what it expended in caring for one John Kendall, a pauper, whose residence it claims was in the defendant town. Trial was by court. Judgment for plaintiff. Exceptions by defendant.

The material facts are these: Early in November, 1928, Kendall went to the home of Mansel Jewell, in Kirby, with the intention of staying there. He took with him his clothing, a trunk, bed, springs, mattress and bed clothes. The Jewells did not know that he was coming, but they had known him for a long time and were on the "best of terms" with him, and he thought he would be welcome, and he was. They provided him a room in their home, thereafter known as "gramp's room," in

which he kept and used the things he took there with him, until he moved to Peacham with the Jewells in May, 1933. During that time this room was not used by anyone but him, except a few times when he was away temporarily and the Jewells had company. He called the Jewell place "home," and frequently spoke of it as such, and whenever he went away to work or visit, as he sometimes did, he always intended to return there. In the summer of 1929 he had the rest of his furniture shipped from South Strafford, where it was stored, to Jewells'.

He remained at the Jewells' continuously during the winter of 1928-29 and the four following winters, and much of the time summers except in 1930, when he was away for some time but returned every week or so for varying periods. From the time he went to Jewells' until May, 1933, including the summer of 1930 and when he was temporarily absent, all of his laundry was done by them. He seldom took a change of clothing or a suitcase when he went away for any purpose, and never took his trunk or furniture from the Jewells'. At Jewells' he did chores, worked about the farm, made and took care of the garden, even in the summer of 1930, and helped them in various ways, and gave them money occasionally. No account was kept by anyone of what he did for or let the Jewells have, nor of the expense they were put to by reason of his being with them. He lived with them as a father might, or as Mr. Jewell expressed it, "as a grandfather." It is further found that when away from Jewells' he had the right to return there, although they could terminate such right at any time; that he supported himself without aid from any municipality from November, 1928, until March, 1935, and that he last resided in Kirby for the space of three years supporting himself before application was made for the assistance furnished him by Peacham.

■ The defendant requested the court to find that the Jewells had no knowledge that Kendall "was intending to come until he telephoned them from Concord [Vermont] asking them to come and get him. That there is nothing in the case to establish a right on the part of Kendall to enter the home of the Jewells as distinguished from a sufferance of that kind," and excepted to its failure to do so. The first part of the request is, in effect, covered by the findings. If the latter part means that Kendall had no *right* to enter the Jewell home as distinguished

from a sufferance to do so when he first went there, it was immaterial, in our view of the case; if it means that he did not thereafter acquire such a right, the court properly omitted to so find.

The defendant requested the court to find "that there was no evidence of any agreement between Kendall and the Jewells respecting his payment for the privilege of living with them and that any small payments which he made to them during his entire living with them were really a matter of gift," and excepted to its failure to do so. If by agreement was meant an express or specific arrangement, we think such is the effect of the findings made, and so construe them; if it was intended to include an implied understanding, arrived at after Kendall went to the Jewells', the defendant was not entitled to it.

The defendant excepted to the failure of the court to find as requested, "that there was no evidence in the case that the pauper Kendall did not receive aid from some town during the different periods while he was in Kirby." In the circumstances this exception is without merit. The defendant introduced no evidence. It made no claim, except such as is embodied in this request, that Kendall received aid from any town while he was in Kirby. On the other hand, it conceded that it did not furnish him aid during that time, and plaintiff's evidence clearly warrants the conclusion that the Jewells did not receive anything towards his support from anyone except him. This was sufficient to make a *prima facie* case on the issue of self-support within the meaning of the statute (P. L. 3923), which was all that plaintiff was required to do in the absence of proof to the contrary. Then, too, it is expressly found that from the time Kendall went to the Jewells to live until March, 1935, he supported himself and did not receive aid from any municipality, and this finding was not excepted to.

The defendant excepted to the failure of the court to find as requested, "that the relations existing between pauper Kendall and Mansel Jewell were that of father and son." This request was, in effect, complied with by the finding that "he lived there with them as a father might or, as Mr. Jewell expressed it, 'as a grandfather.'"

The defendant excepted to the finding that Kendall "last resided for the space of three years supporting himself in

the town of Kirby before application was made for the assistance given by the town of Peacham.'' It is urged in support of this exception that it appeared that during the time Kendall lived in Kirby he was not strong physically and went away from there repeatedly for medical treatment; that he visited in various places, and worked elsewhere during the summers of 1929, 1930 and 1931; that he frequently went to Lyndon to work from one day to three weeks; that he had no arrangement with the Jewells whereby he was to pay them for his board or receive from them pay for his services, and that it did not appear that he paid them for his support, at least for the first three years that he was there. While these circumstances had a bearing on the question of Kendall's residence, they were by no means determinative of it in view of other evidence in the case. Without referring to such evidence at length, it is enough to say that it clearly tended to prove the findings respecting the circumstances under which he went to, and remained with, the Jewells, and that such findings as clearly tended to establish the one in question. The defendant further insists that this finding is unwarranted because the evidence failed to show that Kendall's stay at the Jewells' was matter of *right* rather than of tolerance, and cites *Town of Georgia* v. *Town of Waterville*, 107 Vt. 347, 349, 178 Atl. 893, 99 A. L. R. 433, in support of such claim. Here, as there, no *express* agreement was shown whereby the pauper had the right to return to, or reside at, any particular place in the defendant town. And it was there held, and rightfully so on the facts disclosed, that such an agreement was not inferable from what appeared in the record. In the instant case such an agreement is inferable from what appears in the record, much of which is stated above. While Kendall probably did not have the right to go to Jewells' when and as he did, the circumstances under which he went, was received by, and remained with them until the following summer, coupled with the fact that he was then permitted to, and did, move the rest of his things there, justifies the inference that from that time, at least, he was there under some arrangement with the Jewells that gave him the right to return, and remain there until such arrangement was terminated, which never was done. This exception is unavailing.

294

The defendant excepted to the judgment. All that is said respecting this exception is that the findings requested should have been made, and that the one excepted to was unwarranted. It is apparent that our disposition of those exceptions makes this one ineffectual.

*Judgment affirmed.*