# TOWN OF LEICESTER v. TOWN OF BRANDON.

GENERAL TERM, 1892.

*Transient Pauper.*

Where a town contracts for the support of one of its paupers with a person residing in another town, the pauper, while living in the latter town in virtue of such contract, is a transient therein and a resident of the former town, and the latter town may recover of the former if compelled to assist the pauper.

Assumpsit for the expense of supporting a pauper. Plea, the general issue. Trial by jury at the June term, 1891, Addison county, THOMPSON, J., presiding. The court directed a verdict for the defendant, to which the plaintiff excepted. The case appears in the opinion.

*F. G. Swinington* for the plaintiff.

*J. C. Baker* for the defendant.

The pauper was not a transient. *Middlebury* v. *Waltham*, 6 Vt. 200; *Rockingham* v. *Springfield*, 59 Vt. 521; *Macoon* v. *Berlin*, 49 Vt. 13; *Goodell* v. *Mt. Holly*, 51 Vt. 423; *New Haven* v. *Middlebury*, 63 Vt. 399; *Stone* v. *Glover*, 60 Vt. 651.

The opinion of the court was delivered by

TYLER, J. This suit is brought to recover of the defendant the amount expended by the plaintiff for the support of a pauper.

The plaintiff's evidence tended to show that in May, 1883, while the pauper and her father's family were being supported by the defendant town, the defendant's overseer of the poor made a contract with one Dow, who resided in the plaintiff town, by which the pauper, then about ten years old, was to work for Dow for her board and clothes, Dow reserving the right to have her removed at any time and the defendant reserving the right to remove her; that she remained with Dow in Leicester under this contract four or five years, Brandon by its overseer during that time furnishing her some articles of clothing and exercising some care over her in other respects; that in the fall of 1888 the pauper was removed from Dow's by the defendant's overseer and a like arrangement was made between him and one Capron, who also resided in Leicester, by which the pauper remained at the house of the latter in Leicester about a year, when she became wholly dependent and was thereafter supported by the plaintiff until the time of the trial in the court below, the defendant having refused to support her and threatened to prosecute Capron if he returned her to the defendant; that the pauper was *non compos* and incapable of forming an intention in respect to her residence.

Section 2,817, R. L., as amended by section 3, No. 42, Acts of 1886, made it the duty of the plaintiff's overseer to provide for the pauper's relief, she being found in that town and in need of immediate assistance. The question is whether the plaintiff has a legal claim upon the defendant for the expenditure.

The evidence introduced by the plaintiff, that when the pauper was taken to that town under the contracts mentioned she and her father's family were being supported by the defendant, tended to show that her actual residence was in the latter town, and that she was in Leicester by the defendant's procurement by virtue of the contracts made for its benefit. These facts, if established, would have shown

35

the pauper transient in Leicester, while her relation to Brandon would have remained the same as if she had not been removed therefrom. In legal contemplation her actual residence was in Brandon while she was transient in Leicester. *Barnèt* v. *Ray*, 33 Vt. 211.

The word " resides," as amended into section 2,818, R. L. by section 4, Acts of 1886, does not mean the same as " residence," as defined by section 13 of that act. It means an actual residing and not a legal three years' residence. As this pauper was *non compos* no question as to a legal residence under section 13 arises. We think the court erred in directing a verdict for the defendant.

*Judgment reversed and cause remanded.*

Start, J. dissents.