SHELDON POOR HOUSE ASSOCIATION *v.* TOWN OF SHELDON.

January Term, 1900.

Present : TAFT, C. J., ROWELL, TYLER, MUNSON, START, THOMPSON and WATSON, JJ.

Opinion filed February 20, 1900.

*Pauper law—Residence*—If a town keeps one of its paupers in another town the pauper is a resident of the supporting town and the atmosphere of the supporting town, in legal effect, envelops the pauper.

*Pauper law—Education of pauper children by the town of their residence*—A town in which paupers of school age reside, is alone chargeable with the duty of providing for their education, although they are kept in another town.

*Public Schools—Instruction of paupers—V. S. 688, 689*—The school directors of a town in which paupers of school age from another town are kept, may receive them into the schools under such terms and restrictions as they deem best, and the school directors of the town liable for the support of such paupers may provide for their instruction in the public schools of the town in which they are kept, and may pay for such instruction.

CHANCERY. Franklin County, September Term, 1899, *Start,* Chancellor. On bill, answer and master's report the court, *pro forma* and without hearing, rendered a decree making per-

petual a temporary injunction granted upon the bringing of the bill. The defendant appealed.

The orator is an association and body corporate, organized in accordance with the provisions of V. S. Chap. 145, consisting of various towns in Franklin County, including the defendant town. It owns and occupies a farm in the defendant town on which are supported paupers of said various towns, including paupers of school age.

In 1897 the defendant town refused to permit children of school age, inmates of the poor house on said farm who were paupers of other towns than the defendant, to attend the public schools of the defendant without the payment of tuition. This bill was thereupon brought praying that the defendant, its officers, servants and teachers, might be enjoined and restrained from not admitting to its public schools children of school age kept upon said farm.

*C. G. Austin* and *H. A. Burt* for the orator.

*Emmet McFeeters* and *F. W. McGettrick* for the defendant.

TAFT, C. J.   A town may support one of its paupers in an adjoining or other town. The towns represented by the orator, have the right to support their paupers in the poor house of the association in the defendant town. While a pauper of one town is kept and supported by it in another town, it is in law, a resident of the town supporting it. The atmosphere of the latter town, in legal effect, envelops the pauper as fully and thoroughly as if the pauper was kept in the town liable for its support. *Barnet* v. *Ray*, 33 Vt. 205; *Leicester* v. *Brandon*, 65 Vt. 544; *Sandgate* v. *Rupert*, 67 Vt. 258.

The paupers of school age of the towns represented by the orator who are kept at the poor house in Sheldon are in contemplation of law, residents of the towns respectively supporting them and are not residents of Sheldon. Not being residents of Sheldon, that town is under no duty to support them in any re-

spect nor to furnish them educational privileges. The school directors in Sheldon may receive them into the Sheldon schools in the manner and under such terms and restrictions as they deem best, and the school directors of the towns from which the paupers are sent to Sheldon, may provide for the instruction of such pauper pupils in the public schools of Sheldon, and may pay for such instruction. V. S. 688-9. If the authorities of the town of Sheldon are not obliged to receive such pauper pupils, then it is the duty of the towns from which the paupers are sent, to make provision for their education.

*Decree reversed, and cause remanded with direction to dismiss the bill. The costs in the Court of Chancery to be there determined.*