Town of Barton *v.* Town of Albany.

January Term, 1937.

Present: Powers, C. J., Slack, Moulton and Sherburne, JJ., and Sturtevant, Supr. J.

Opinion filed February 2, 1937.

532

*Raymond L. Miles* and *Maxwell L. Baton* for the defendant.

*Lee E. Emerson* for the plaintiff.

SHERBURNE, J. This cause has been here before, see 108 Vt. 266, 184 Atl. 697. It is an action brought under the provisions of P. L. 3923 and 3924 to recover for money expended for the relief of Margaret Coffey, a poor person in need of assistance. The only issue was whether the pauper had last resided for three years, supporting herself, in the defendant town. Verdict and judgment were for the plaintiff, and the cause is here upon defendant's exceptions.

Viewing the evidence most favorably for the plaintiff, it appeared that Margaret Coffey, a Canadian subject, came to Charleston, Vt., in 1911 with her husband, who later died there

in 1914. Her son, Walter Coffey, married in 1921, and brought his wife to live with his mother there. In 1924 Walter got a job in the Turnbull Creamery in Lowell, and they all moved into a tenement over the creamery. In this tenement Margaret Coffey had two rooms to herself, which she used for a kitchen and bed room and equipped with her own furniture. In August, 1927, she moved to a farm in Albany which Walter had then recently purchased and moved to. Until they all left there in May, 1933, Margaret had the exclusive use of two rooms and the hall upstairs in the farmhouse, which she furnished, and where she lived, slept and cooked her meals, except when away to work. She had an invalid daughter who lived with her and whom she supported.

During this period of time from 1927 to 1933, Margaret availed herself of every opportunity to go out to work, and altogether was away nearly half of the time working at various places. Beginning in November, 1929, she worked in one place in Newport for fourteen months. Wherever she worked she planned to, and usually did, return to these rooms in Albany every two weeks, except during times of bad traveling in winter. On these occasions her son would come after her and carry her back. When she went away she shut up her rooms and simply took with her a suit case and some clothes to wear. When she returned she would bring provisions to eat while there. She had no lease from her son, but he had assured her that she should have her rooms wherever he went to live. She called these rooms her home and always intended to return to them when out of work.

They all moved to Irasburg in May, 1933, and from there to Barton, where Margaret was taken sick in February, 1934, and had to go to a hospital for an operation. At that time Margaret was living with her son under the same arrangement as in Albany. This suit arises out of the expense of this sickness.

At the close of the evidence the defendant moved for a directed verdict upon the grounds that (1) because of Margaret Coffey being an alien she was incapable of having a residence in defendant town for pauper purposes, and (2) because she had no right to return to her son's house in Albany, the plaintiff had failed to show that she had resided there three years. This motion was overruled, subject to exception.

534

So far as material here, P. L. 3923 reads: ''If a person is poor and in need of assistance for himself or family, the overseer of the poor of a town shall relieve such person or his family, when application for such assistance is made. * * * If he has not resided in such town for three years * * * the town so furnishing the same may recover the expense thereof in an action of contract, on this statute, from the town where he last resided for the space of three years, supporting himself and family.''

The defendant cites cases showing that an alien could not gain a derivative settlement under our former settlement law, and quotes from a concurring opinion in *Town of Lyndon* v. *Town of Danville*, 28 Vt. 809, 817, a dictum to the effect that an alien could not acquire a settlement by residence. The defendant cites *Town of Marshfield* v. *Town of Tunbridge*, 62 Vt. 455, 20 Atl. 106, to the effect that resort can be had to decisions under our former pauper law for ascertaining the legal signification of the term ''residence'' in our present law; and cites *Town of Westfield* v. *Town of Coventry*, 71 Vt. 175, 44 Atl. 66, 67, to show that ''By the term *settlement* is meant such a residence in a town as entitles a person to support or assistance upon becoming a pauper.'' From these cases the defendant reasons that an alien cannot acquire a three years' residence under our present law.

Under the settlement law not all persons could acquire a settlement; yet there was a provision that any person of full age, who had resided in the State one year, and had his home in an unorganized town at the time when it was organized, should acquire a settlement therein. See Slade's Stat. 381, 382; R. S. Ch. 15, § 1; C. S. Ch. 17, § 1; G. S. Ch. 19, § 1; R. L. 2811. *Town of Derby* v. *Town of Salem*, 30 Vt. 722, 728, construes the language ''any person of full age'' in this statute to include an alien. The law of settlements is now academic, having been repealed by No. 42 of the Acts of 1886. Since No. 55 of the Acts of 1892, our law has been substantially as it is now.

In the recent case of *Town of Hardwick* v. *Town of Barnard*, 102 Vt. 330, 148 Atl. 408, no question was raised because of the fact that the pauper was an alien. In harmony with *Town of Derby* v. *Town of Salem, supra,* where it says that the statute ''makes no distinction on account of place of birth, citizenship, or any other incident,'' we hold that the word ''person'' in P. L. 3923 includes an alien, and that Margaret Coffey

was capable of acquiring a residence within the meaning of the statute.

 To constitute a residence under the pauper law, the fact that the pauper actually lived in the town in question and her intent to make that town her home must concur. *Town of Georgia* v. *Town of Waterville*, 107 Vt. 347, 350, 170 Atl. 893, 99 A. L. R. 453. Margaret Coffey was never bodily present in Albany for the space of three consecutive years, so, to gain a three years' consecutive residence there, enough consecutive intervening time when she was away to work must be added. To be enabled to count such intervening time she must, when absent, by contract or understanding, have had a place there to which she had the right to return, and must have had the present and continuing intention to return there whenever she left, and was away from, town. *Town of Berlin* v. *Town of Worcester*, 50 Vt. 23, 26; *Town of Londonderry* v. *Town of Landgrove*, 66 Vt. 264, 267, 29 Atl. 256; *Town of Jericho* v. *City of Burlington*, 66 Vt. 529, 533, 29 Atl. 801; *Town of St. Johnsbury* v. *Town of Concord*, 68 Vt. 481, 35 Atl. 429; *Town of Georgia* v. *Town of Waterville*, 107 Vt. 347, 353, 178 Atl. 893, 99 A. L. R. 453. It clearly appears that Margaret Coffey had an understanding with her son about the occupancy of the upstairs rooms in his house in Albany, hence she had a right to return to them when away. The defendant's motion was properly overruled.

 The court submitted to the jury the issue of whether Margaret Coffey had a residence for three consecutive years in Albany, and, among other things, charged that:

> "The fact that she was away much of the time does not change her residence if she intended to return and had a place in Albany which she could return to."

The defendant excepted to this because it left out that Mrs. Coffey must have had a place to which she had a right to return, and an intention for three consecutive years to do so. In its brief the defendant does not question the sufficiency of the charge upon intention. Save for matters which are beyond the scope of the exception and so not considered, the only point which we can discover is that the defendant may think, although it does not say so in its brief, that the word "could" in the

536

quoted part of the charge is not equivalent to the words "had a right to." Although it might have been preferable to use the latter language, the two expressions mean the same thing. "Could" is the past tense of "can," which means, in the sense here used, "to have a right to." Webster's New International Dictionary, 2nd ed.

*Judgment affirmed.*