## Town of Groton v. Town of Strafford

[192 A.2d 464]

March Term, 1963

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed May 7, 1963

Reargument Denied June 11, 1963

*Arthur L. Graves* for the plaintiff.

*Wilson, Keyser & Otterman* for the defendant.

**Smith, J.** This is a civil action brought by the plaintiff Town of Groton against the defendant Town of Strafford, under the provisions of 33 V.S.A. §782 in the Caledonia Municipal Court. Trial by jury resulted in a verdict and judgment for the plaintiff, and defendant has brought its appeal here from the denial of its motions for a verdict directed in its favor, and for a verdict to be directed in its favor notwithstanding the verdict of the jury.

The statute relied upon, 33 V.S.A. §782, is quoted below:

"An overseer of a town furnishing relief to a poor person shall within thirty days from the time of first providing relief give notice to the overseer of the town in this state wherein such poor person has his settlement, or to the commissioner, if such poor person is a state charge. The overseer so notified shall then furnish such poor person relief or remove him to the town in this state where he has his settlement, provided that such removal will work no undue hardship on such poor person or his family. If such overseer so notified fails within sixty days after receipt of such notice to remove such poor person or furnish him relief, the town furnishing such relief may recover therefor in an action on this statute against the town wherein such poor person has his settlement. A single action may be brought for all assistance so fur-

nished without other or further notice. The failure of an over-seer to reply within fifteen days to notice as provided in this section, shall be deemed prima facie evidence that the poor person in question had a settlement in said town."

The relief sought by the plaintiff town in its action against the defendant is reimbursement for a bill for medical services paid by Groton to a Dr. Rowe, and which services were rendered to a William Pickett and his family who, at the time of such services, were residing in the Town of Groton. Groton's contention is that the Pickett family had its pauper settlement in the defendant Town of Strafford at the time such relief was furnished and that Groton is entitled to such reimbursement from Strafford by reason of the statute.

The error claimed by Strafford in the lower court's denial of its request for a directed verdict is briefed upon two grounds. The first claim of error is that notices sent by Groton to Strafford relative to the relief furnished were not legal notices under the relevant statutes which would entitle Groton to a statutory right of action against Strafford.

In considering the first question presented upon the matter of the construction of the agreement between Groton and Dr. Rowe and on proper notices, we are mindful of the fact that furnishing relief to poor persons in need of assistance by municipalities is governed by statute. There are no common law liabilities and there are no equities between towns in respect to caring for and supporting paupers. The whole matter is purely statutory and where the statute imposes no liability, there is none. See 41 Am. Jur. Paupers, p. 709.

The general duty of towns in respect to furnishing relief to poor persons is found in 33 V.S.A. §702: "A town shall relieve poor persons residing or found therein as provided in this chapter."

This general duty of a town to furnish relief, however, is limited by the statute when such relief consists in the furnishing of medical care, which is the kind of relief claimed to have been furnished by the plaintiff in the instant case. "No town shall be liable for medical, surgical or hospital care furnished a poor person except by agreement with the overseer or with a selectman of the town wherein the poor person resides or is found at the time such relief is required; provided, that recovery may be had for necessary emergency care until

such time as it is reasonably possible to get an approval for relief from such overseer or selectman. However, this section shall not apply to such care furnished transient persons." 33 V.S.A. §703. The provisions of the above section relating to emergency care, and the care furnished to transient persons are not material to the question here presented.

It is now necessary to review the pertinent evidence in the case before us. This, of course, we must do in the light most favorable to the plaintiff, the prevailing party below. No problem is presented in this respect as the evidence here before us is virtually undisputed, with the defendant having presented no evidence on its part after the plaintiff rested its case.

William Pickett had lived in Strafford for more than three years, supporting himself and his family prior to May 1956, when the family moved to Groton. While the family had received various forms of state aid, due to the fact that Mr. Pickett was an invalid and there were minor children in the family, such payments did not prevent the acquisition of a settlement by virtue of 33 V.S.A. §747. There is no dispute that the Pickett family had acquired a pauper settlement in Strafford under 33 V.S.A. §782 prior to moving to Groton.

Soon after the Pickett family moved to Groton, in June 1956, Mrs. Pickett received care at the Barre City Hospital during childbirth. The bill for such care was sent to Groton and by Groton to Strafford. Strafford paid the bill on August 1, 1956.

After moving to Groton, the Pickett family commenced receiving medical care from Dr. Harry M. Rowe of Wells River, Vt. For a time, Dr. Rowe's bills were paid, in part at least, by the Picketts. In 1957, however, the selectmen of Groton were informed by an agent of the Department of Public Welfare, as well as by the doctor, that relief was required by the Pickett family to pay for such medical care.

As a result of conferences between Dr. Rowe and the selectmen of Groton, the following letter was written by the selectmen, through Bert Bailey, a member of the Board, to Dr. Rowe:

"Dr. Harry Rowe, M.D. October 1, 1957
Dear Sir: In reply to your tel. call about medical care for the William Pickett family, and also according to our conversation with Mr. Morse and myself, we feel that the Pickett family have a residence in the Town of Strafford, Vt. and that they will pay their bills.

However, the Social Welfare had requested that Mrs. Pickett have medical treatments, and we will pay the same if the Town of Strafford is not liable.

Yours truly,

Bert Bailey"

Various members of the Pickett family were treated by Dr. Rowe between January 1958 and 1960. While Dr. Rowe had other conversations with selectmen of Groton after the letter of 1957, no other agreement was made between the doctor and the town other than that set forth in the letter.

While Dr. Rowe had no conversations with the selectmen of Strafford relative to furnishing medical care to the Pickett family, all his bills for the care furnished the Picketts were sent to Strafford from 1958 until 1960. None of such bills were rendered to Groton, but Groton sent five notices to Strafford, starting on October 11, 1957 and continuing until October 2, 1958. Four of these notices stated that William Pickett was poor, in need of assistance and had applied to Groton for assistance. The fifth notice, in similar terms, was as to Betty Pickett, a daughter of William.

The first presentation of a bill from Dr. Rowe for medical aid to the Pickett family to Groton came in the form of an attorney's collection letter on May 9, 1960. This letter stated that an account for medical services for the care of the Pickett family had been placed in the attorney's hands for collection against Groton and states: "It is my understanding your town is liable for this account since it received notification that such medical attention was being rendered to this family."

After conferences with Dr. Rowe, which resulted in the doctor discounting his bill by some twenty percent, the Town of Groton paid Dr. Rowe the sum of $275.00 in settlement of the doctor's bill for medical care to the Pickett family from January 7, 1958 to the date of payment. It is this amount which the plaintiff seeks to recover from the defendant in this statutory action.

Under the wording of 33 V.S.A. §702 "no town" is liable for relief furnished by way of medical care in the absence of an agreement between the town authorities where the pauper is found and the doctor or like person who administers such care. Further, such

agreement must be made "at the time such relief is required." The legislative intent behind this enactment was to protect towns from having to pay medical and hospital charges for the care of paupers unless the rendering of such services was a matter of agreement between the town and the person or institution furnishing them, prior to the time they were furnished and for the relief that was needed at the time. As a practical matter it places the burden upon the one furnishing this type of care to a pauper to come to an agreement with the town of the pauper's residence at the time the care is required if he wishes to be paid his charges for such care by virtue of the Municipal Poor Relief Statute.

The question now presented is the construction of the agreement between the Town of Groton and Dr. Rowe relative to the furnishing of medical care to the Pickett family. This agreement is evidenced by the letter of October 1, 1957 from the selectmen of Groton to Dr. Rowe, quoted above. The only agreement to furnish medical care to a poor person (if it be such) is found in the second paragraph of the letter: "However, the Social Welfare had requested that Mrs. Pickett have medical treatments, and we will pay the same if Strafford is not liable."

No agreement appears in this letter, or by reason of other evidence in the case, between Groton and Dr. Rowe that Groton agreed to furnish medical care to Mr. Pickett, or to any of the children in the Pickett family. While it is true that Groton did actually pay Dr. Rowe's charges for the medical care of Mr. Pickett, and for like care of his children in 1960, such payments were not made pursuant to any statutory agreement with Dr. Rowe, for, as we have just seen, such agreement did not exist.

The liability of towns for the support of paupers is purely statutory. *Worcester* v. *East Montpelier,* 61 Vt. 139, 142, 17 Atl. 842. The relief furnished by a town to a poor person therein residing, which it may recover from the town of settlement by virtue of 33 V.S.A. §782, must be relief furnished by the plaintiff town under a statutory obligation. This was an essential fact of the plaintiff's case against the defendant upon which it had the burden of proof throughout the trial. *Manchester* v. *Townshend,* 110 Vt. 136, 142, 2 A.2d 207. Its failure of proof to establish that the relief claimed to have been furnished by it to Mr. Pickett and the children was provided by

reason of any statutory duty bars its claim against the defendant for reimbursement of such expenditures. But there was also another failure of statutory compliance on the part of the plaintiff to bar its action which can be best illustrated in considering its right to reimbursement for medical charges for Mrs. Pickett.

It will be recalled that the letter of agreement from the Town of Groton to Dr. Rowe was dated October 1, 1957. On this same day Groton sent its first notice to Strafford, stating it had furnished relief to Mr. Pickett and his family. But the testimony of Dr. Rowe, as well as his itemized bills, establish that no medical care was furnished to any member of the Pickett family until January 8, 1958, and none to Mrs. Pickett until January 28, 1958.

Whether or not the letter from Groton to Dr. Rowe relative to payment for the medical care of Mrs. Pickett was an agreement to furnish relief at the time it was needed might be a debatable question if such medical care had actually been furnished at the time of making the agreement.

But there can be no dispute that this agreement, whatever its construction might be, was one made some three months prior to the time that the record shows that medical care was required by Mrs. Pickett. It was not an agreement to furnish medical care "at the time such relief is required" which is the timing requisite for the making of such agreement under 33 V.S.A. §703 to impose liability on a town.

Further, at the time the agreement was made in October 1957, while the members of the Pickett family may have been poor persons, the evidence clearly discloses that at the time they were not in need of assistance. The assistance was not needed until January of the next year. The statutory duty to furnish public aid comes into being only when the one seeking it is both poor, and in need of assistance, at the time the relief is sought. *Montpelier* v. *East Montpelier,* 94 Vt. 62, 108 Atl. 704. No statutory duty rested upon the Town of Groton to give relief in the form of medical care at a time when such relief was not required. Because the expenditures made by the plaintiff town for which it seeks reimbursement from the defendant were not made in pursuance to any statutory duty or obligation it cannot maintain its action under 33 V.S.A. §782. The trial court was in

error in denying the motion of the defendant for a judgment to be directed in its favor.

For the reason that our decision on the first point raised by the defendant necessitates a reversal of the judgment below, and entry of judgment for the defendant to recover its costs, there is no necessity for us to consider the second ground advanced by the defendant in seeking a reversal of the judgment.

*The entry must be "Judgment Reversed and Entry of Judgment for the defendant to recover its costs."*