## Town of St. Johnsbury v. Town of Granby

[ 205 A.2d 422 ]

October Term, 1964

Present: **Holden, C. J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed December 1, 1964

*John A. Swainbank* for plaintiff.

*Arthur L. Graves* for defendant.

**Keyser, J.** This is an action brought by plaintiff town in Caledonia Municipal Court under the provisions of 33 V.S.A. §782 of Chapter 15 relating to municipal poor relief. Defendant answered in general denial. Trial was by jury. Defendant rested at the close of plaintiff's case and each party moved for a directed verdict. The court denied plaintiff's motion and granted defendant's, entered judgment thereon with appeal by plaintiff.

The statute on which plaintiff brings suit, 33 V.S.A. §782, provides:

> "An overseer of a town furnishing relief to a poor person shall within thirty days from the time of first providing relief give notice to the overseer of the town in this state wherein such poor person has his settlement, or to the commissioner, if such poor person is a state charge. The overseer so notified shall then furnish such poor person relief or remove him to the town in this state where he has his settlement, provided that such removal will work no undue hardship on such poor person or his family. If such overseer so notified fails within sixty days after receipt of such notice to remove such poor person or furnish him relief, the town furnishing such relief may recover therefor in an action on this statute against the town wherein such poor person has his settlement. A single action may be brought for all assistance so furnished without other or further notice. The failure of an overseer to reply within fifteen days to notice as provided in this section, shall be deemed prima facie evidence that the poor person in question had a settlement in said town."

The furnishing of relief to poor persons in need of assistance by municipalities is governed by statute. There are no common-law liabilities and there are no equities between towns respecting the care and support of paupers. The whole matter is purely statutory and where the statute imposes no liability, there is none. *Groton* v. *Strafford,* 123 Vt. 432, 192 A.2d 464. *St. Albans Hospital* v. *City of St. Albans,* 107 Vt. 64, 65, 176 Atl. 304.

The testimony of the town manager and overseer of St. Johnsbury and Roy Irwin, the recipient of relief, constitutes all the evidence in the case.

The facts which the jury acting as reasonable persons could have found therefrom are as follows: Roy Irwin is unmarried and works as a woodsman. He was born June 15, 1915 and lived in St. Johnsbury and Passumpsic until the age of sixteen. He then went to live with his cousin, Vera Bishop, in Granby until he was eighteen when he joined the Civilian Conservation Corp for a year. He worked the winter of 1934-35 in the woods in Passumpsic and in 1936 he "went back to Granby." That fall he rejoined the C.C.C. until 1941, worked a short time in Passumpsic before going into the army for thirty-nine months. Since that time he has worked at various places, returning off and on to his cousin's home to live between jobs. In 1946, he worked in Passumpsic and "stayed at home." He also made short visits at the homes of his brothers and sisters outside of Granby. He lived at Vera Bishop's home again for part of 1962. The Town of Granby listed Irwin for poll taxes for most of the years from 1952 to 1961 inclusive, especially 1956 through 1961. In the Spring of 1962, Irwin went to Nashua, New Hampshire, to work. Before Irwin left for Nashua, Vera Bishop put all articles of clothing and other personal effects which Irwin had at her home in a trunk and took them to the home of one of Irwin's brothers in St. Johnsbury and left them there. After about three months in Nashua, he injured his finger which resulted in his coming to live with his brother in St. Johnsbury in early November. It was from there that he entered Brightlook Hospital in St. Johnsbury because of a badly infected finger.

Irwin entered the hospital December 29, 1962, and the hospital notified the Overseer of St. Johnsbury on December 31, 1962, of this fact and sent the credit application. On January 2, 1963, the overseer of St. Johnsbury sent the notice required by Section 782, *supra,* to

the overseer of Granby by certified mail, return receipt requested, in proper form, that St. Johnsbury would look to Granby, the town of settlement, for reimbursement of Irwin's care. The signed return receipt was received by the overseer of St. Johnsbury and shows the notice was delivered on January 4, 1963. There never was any reply to this notice by the Granby overseer. Thereafter, plaintiff paid the hospital bill of $318.06.

The plaintiff town seeks to recover from the defendant town money it expended for this relief furnished to Roy Irwin at Bright-look Hospital. Plaintiff claims Irwin was a poor person whose settlement was in Granby thus giving it the right to reimbursement under the statute, 33 V.S.A. §825.

Defendant's argument below on its motion and here in its brief is that Irwin, at the time of his admission to the hospital, was a resident of St. Johnsbury, had no residence in Granby and therefore was not a transient person. Further, that under these circumstances, plaintiff failed to prove an agreement by the overseer of St. Johnsbury to become liable for the hospital bill as required under the provisions of 33 V.S.A. §703.

The first question for consideration is whether Irwin was a transient at the time he entered the hospital.

Under this statute, 33 V.S.A. §703, "no town" shall be liable for medical, surgical or hospital care furnished a poor person except by agreement with the overseer or a selectman wherein the poor person resides or is found at the time relief is required. The statute specifically provides that it "shall not apply to such care furnished transient persons."

Thus, if Irwin became and was a transient person at the time he left the home of his brother and entered the hospital, the provisions of this statute do not apply here. Otherwise, it does.

The meaning of the word "transient" as used in the statute, 33 V.S.A. §821, is defined in *St. Albans Hospital* v. *City of St. Albans,* 107 Vt. 59, 176 Atl. 302, to mean "merely, a person away from home." It is to be noted that in that case the hospital received as patients persons residing outside the City of St. Albans and the defendant city was held liable. The court went on to say:—"This has been our law for more than fifty years. It is the doctrine of *Town of Danville* v. *Sheffield,* 50 Vt. 243, 247. It is, almost literally, the definition given by Judge Barrett in *Goodell* v. *Mt. Holly,* 51 Vt. 423, 426, a case

which was cited without criticism in *Wilbur* v. *Calais,* 90 Vt. 335, 341, 98 Atl. 913, and referred to for a definition of the word in *Catlin* v. *Town of Georgia,* 103 Vt. 97, 99, 152 Atl. 89. And finally, in *Town of Randolph* v. *Lyon,* 106 Vt. 495, 175 Atl. 1, 3, this definition was approved and applied and the law of the subject restated."

This *St. Albans* case, *supra,* was followed by a second one, *St. Albans Hospital* v. *City of St. Albans,* 107 Vt. 64-65, 176 Atl. 304. In that case the poor persons relieved by the hospital were residents of the defendant city. Recovery was denied on the ground that suit was brought on P.L. 3923, now 33 V.S.A. §704, under which there is no provision for a recovery by suit. However, Powers, Chief Justice, said—"It is plain enough from what we said in the other case, that a recovery could have been had therein for the services and expenses here sued for." The court thus held that the plaintiff could have recovered in the first case for the relief furnished to the poor persons residing in the City of St. Albans where the hospital was located, the subject of the second suit.

Following the *St. Albans Hospital* cases, *supra,* the decision in *DeGoesbriand Hospital* v. *Alburg,* 122 Vt. 275, 169 A.2d 360, was handed down by this Court in 1961. The question there presented was whether the person entering the hospital was a transient. The Court reviewed the two *St. Albans* cases, *supra,* and *Goodell* v. *Mt. Holly, supra.* At page 282 of the opinion, it held:—"Applying the principles of law set forth above to the factual situation now before us, when Arthur Perreault entered DeGoesbriand Hospital he was a poor person away from home, wherever that home might be, and was therefore a transient."

Webster defines "home" to be one's dwelling place. In *Wilmington* v. *Somerset,* 35 Vt. 232, the court in construing the statute relating to the settlement of paupers, said at page 236: "The dwelling place or home here referred to is evidently one that the pauper has obtained, procured, or occupied, of his own will, or through some voluntary agency of his own, or that of connections or friends, a place of abode that can properly be called his, in the selection or enjoyment of which he may be supposed to have been a free agent, or at least one that he was allowed to occupy and enjoy as his home, independent of the compulsory charity of the town."

The evidence is undisputed that Irwin had a brother living on Eastern Avenue in St. Johnsbury Village, and that Irwin came to St.

Johnsbury from Nashua, New Hampshire early in November, 1962, and that he went to live in the home of his brother and made his home there. He was living there at the time he left for, and entered Bright-look Hospital on December 29, 1962.

█ Applying to these facts the principles of the law enunciated in the caess cited above, we hold that Roy Irwin was a transient person in need of relief within the meaning of 33 V.S.A. §821. He became a transient person upon his leaving his home at his brother's house in St. Johnsbury and entering the hospital.

In view of this holding, it is clear that section 703 is not material here since it does not apply to care furnished transient persons in a hospital. Thus, we need not consider the provisions of that statute requiring that an agreement must be made between the overseer of St. Johnsbury and the hospital for care to be furnished or whether emergency care was involved. In any event, Irwin being a transient pauper, it makes no difference whether or not his disability was caused by a sudden visitation of disease or accident. *Leicester* v. *Brandon,* 65 Vt. 544, 27 Atl. 318.

Defendant argues this case is controlled by *Groton* v. *Strafford, supra,* claiming the rule there laid down holds that an agreement to pay for hospital care, with the overseer of the town where the poor person resides, or is found, must be shown before there can be any liability for such care and treatment. That case was brought under 33 V.S.A. §782 to recover a bill for *medical services* paid by the plaintiff town and not for *hospital care* as here. The court said the care furnished to transient persons was not material to the question there presented. The only question raised and decided was the liability of a town for medical services furnished to a pauper. The *Groton* case *supra,* is neither in point nor applicable to the facts presented in this case.

To adopt defendant's view that Irwin was not then a transient not only would be to overrule the well-established law of this court but also would be to disregard the statutes relating to the relief of transient persons.

As noted, plaintiff's suit is founded upon 33 V.S.A. §782. The defendant says the plaintiff made no claim by its pleadings or otherwise in the court below that Irwin was a transient. This was neither necessary nor required under 33 V.S.A. §821.

When a transient person in need of relief is confined to a hospital in any town, the hospital to free itself from the expense of relieving and supporting such person, must give proper notice to the overseer of the town or to the overseer of the town from which such person came to enter the hospital when it is not the town in which the hospital is located. 33 V.S.A. §821.

Thereafter, if the overseer neglects to provide relief for such transient, the hospital may recover from the town notified under 33 V.S.A. §824 except for any period in excess of forty-eight hours prior to giving the required notice. It is not necessary for the hospital to show that such transient is "poor" within the meaning of the so-called pauper law. *St. Albans Hospital* v. *City of St. Albans, supra.* Section 824 further provides that the hospital shall supplement its notice with a credit application, the form of which is prescribed by the statute.

No question is raised but what the hospital gave this necessary notice and furnished the credit application to the overseer of St. Johnsbury required by the statute, or that its bill was paid.

33 V.S.A. §825 entitled the Town of St. Johnsbury to reimbursement of its expense of relief furnished to a transient person from the town where such person has his settlement at the time of his first receiving such relief.

On trial of its suit in the court below, authorized by Section 782, the plaintiff town must show affirmatively that proper notice was given to Granby, that the recipient of relief, Irwin, was then a poor person and that his settlement was in the Town of Granby.

The defendant does not dispute or deny that Irwin was a poor person at the time he entered the hospital. The evidence also clearly indicates that he did not then own any property, have insurance or possess money to pay for his care. Under these circumstances, Irwin was a poor person in need of relief.

This brings us to the next phase of the question—whether Irwin had his settlement in the Town of Granby. The burden was on the plaintiff to prove that Irwin last resided in Granby for a period of three consecutive years supporting himself and had not received aid or relief from that town during such period.

Considering the last requirement first, we have only to point out that Irwin testified that the Town of Granby had never given him poor relief. This hospital relief was the only poor relief he had ever

received. The remaining question is—was Irwin's settlement in Granby? This was a vital issue both on the pleadings and statute. The only testimony introduced on this issue came from Irwin himself.

"Settlement" is defined by 33 V.S.A. §701 to be:

. "*Settlement*: the town in this state in which a person last resided for three years supporting himself, or himself and family if he had one, which settlement shall continue until he shall have gained a like settlement in some other town in this state, or shall have removed from the town of his settlement and remained therefrom for an uninterrupted period of three years, during which period he has not been relieved by such town;"

In *Barton* v. *Albany*, 108 Vt. 531, 189 Atl. 853, it is held to constitute residence under the pauper law, the fact that the pauper actually lived in the town in question and his intent to make such town his home must concur. The pauper there was never bodily present in the defendant town for the space of three years, so, to gain a three years' consecutive residence there, enough consecutive intervening time when she was away to work must be added. The court said at page 535— "To be enabled to count such intervening time she must, when absent, by contract or understanding, have had a place there to which she had the right to return, and must have had the present and continuing intention to return there whenever she left, and was away from, town. (citing cases)."

In passing upon a motion for a directed verdict, the evidence must be taken in the light most favorable to the plaintiff and the effect of modifying evidence is to be excluded. If there is any substantial evidence fairly and reasonably tending to support the plaintiff's claim, the question is for the jury. *Cheney* v. *Wheeler*, 122 Vt. 295, 297, 170 A.2d 642; *Austin* v. *Bundy*, 122 Vt. 111, 165 A.2d 236; *Benoit* v. *Marvin*, 120 Vt. 201, 203, 138 A.2d 312; *Ready* v. *Peters*, 119 Vt. 10, 11, 117 A.2d 374.

The notice sent by the Overseer of St. Johnsbury to the Overseer of Granby is dated January 2, 1963, and was received on January 4, 1963. The overseer of St. Johnsbury never received any reply to this notice from the overseer of Granby.

Section 782, *supra*, provides, "The failure of an overseer to reply within fifteen days to notice as provided in this section, shall be deemed prima facie evidence that the poor person in question had a settlement

in said town." This provision was enacted by Section 3 of No. 299, Acts of 1957.

■ By its evidence the plaintiff proved a *prima facie* case under the statute as to Irwin's settlement being in Granby. This raised a rebuttable presumption of fact and required affirmative action on the part of the defendant town to meet and overcome. It had the duty of going forward with the evidence tending to defeat the party in whose favor the presumption operated, *Georgia* v. *Waterville,* 107 Vt. 347, 351, 178 Atl. 893, but it did not affect the burden of proof resting on the plaintiff. *Ibid.* The only evidence introduced by defendant was by way of cross-examination of Irwin.

We said in *Pacific Lumber Agency* v. *National Aircraft Corp.,* 108 Vt. 10, 182 Atl. 192, at 108 Vt. 15: "Where the evidence affords room for opposing inferences on the part of reasonable men, it is error to direct a verdict. *Anderson* v. *Dutton,* 100 Vt. 464, 468, 139 Atl. 210; *Comeau* v. *Manual and Sons Co.,* 84 Vt. 501, 589, 80 Atl. 51. 'It is a rule of general application that though the facts are undisputed, when fair minded and unprejudiced men may reasonably differ in the conclusion to be drawn therefrom the question is one of fact for the jury.' *Spaulding* v. *Mut. Life Ins. Co.,* 94 Vt. 42, 57, 109 Atl. 22, 29."

There is no necessity to again review the facts material and relevant to this issue of settlement or to state the inferences to be drawn therefrom.

The court, confronted with all of the facts shown by the evidence and the inferences to be drawn therefrom and the *prima facie* evidence of Irwin's settlement in Granby as well as the statutory provisions relating to municipal relief, directed a verdict for defendant. This was error and requires a reversal. The question was one of fact for the jury to decide and not for the court.

*Judgment reversed and cause remanded.*